CITY OF FORT SMITH v. Chris DRIGGERS

87-240                                    742 S.W.2d 921

Supreme Court of Arkansas
Opinion delivered January 19, 1988

*Daily, West, Core, Coffman & Canfield*, for appellant.

*Pryor, Barry, Smith & Karber*, by: *Gregory T. Karber*, for appellee.

DAVID NEWBERN, Justice. The appellants, the City of Fort Smith and its civil service commission, hereafter referred to collectively as "the city," contend it was error to hold as a matter of law that the appellee, Chris Driggers, was entitled to promotion to the rank of captain in the Fort Smith Fire Department in 1983. We hold that because there was a remaining material issue of fact it was inappropriate for the trial court to grant a summary judgment in favor of Driggers, and thus the judgment is reversed and the case remanded.

It is undisputed that in 1983, Chris Driggers made the highest score on the Fort Smith Fire Department competitive examination for promotion to the rank of captain. However, the names of others who had passed the examination were placed ahead of Driggers' name on the promotion eligibility list because they were senior to him in length of service. Others were promoted to captain during the year in which the list remained effective, but Driggers was not promoted.

Prior to 1967, Fort Smith was governed by a commission. Act 138 of 1957, presently codified as Ark. Code Ann. § 14-53-109 (1987), provides that eligibility for promotion within the fire department of a city of the first class having the commission form of government is to be determined on the basis of seniority among those who have passed a competitive examination held for the higher grade.

In 1967, Fort Smith adopted a city administrator form of government. The reorganization was conducted pursuant to Act 36 of 1967, now codified as Ark. Code Ann. §§ 14-48-101 through 14-48-131 (1987). Section 7 of that act, found in Ark. Code Ann. § 14-48-102 (1987), provides that upon a change in government

the city remains subject to all laws in effect on the date of the change [§ 14-48-102(a)] and that "[a]ll bylaws, ordinances, and resolutions lawfully passed and in force in the city under its former organization and not in conflict with this chapter shall remain in force until altered or repealed by the board elected under the authority of this chapter [§ 14-48-102 (d)]." The city's contention is that, subsequent to its change in government in 1967, and continuously through 1983 and until 1986, it had based its fire department promotions on seniority among those who had passed the examinations as it was authorized to do under § 14-48-102.

Mr. Driggers contends that prior to 1967 the city adopted rules for promotion in the fire department, effective until 1969, which did not recognize seniority as a basis for promotion. He argues that the city thus cannot rely on the transition or savings provisions of § 14-48-102(d), whether the provision disregarding seniority was in effect at the time the government form changed or came about through repeal or alteration of the rules which were in effect in 1967. He contends that as of 1983, the process of fire department promotions in Fort Smith was governed by the provisions of Ark. Code Ann. §§ 14-51-301(b)(6)(A) and (b)(9)(A) (1987), formerly Ark. Stat. Ann. § 19-1603 (Repl. 1980). In *Bradley* v. *Bruce*, 288 Ark. 342, 705 S.W.2d 431 (1986), reh'g denied, 288 Ark. 343-A, 713 S.W.2d 451 (1986), we held that those subsections required civil service promotions to be based only on examination scores and not on seniority. The *Bradley* case did not concern promotion in a fire department of a first class city which had formerly been governed by a commission, thus there was no question of applicability of the transition statute, and the case is not controlling unless we find that the transition statute is inapplicable to the case before us now.

### 1. Remaining issue of material fact

As Driggers was the moving party, it was incumbent upon him to demonstrate his entitlement to a summary judgment by showing there was no remaining material issue of fact. Ark. R. Civ. P. 56. He contends he did so by virtue of inclusion in the record of Fort Smith civil service rules adopted prior to and effective until 1969 which provided for promotions in the fire department without reference to seniority. While it is true that

the record contains such a document, there was no affidavit of authenticity, and nothing among the documents which may be considered in deciding a motion for summary judgment showed that the rules were adopted. The rules document was, according to the city's brief, provided to Driggers' counsel by counsel for the city by way of "informal discovery." It is not authenticated in any way, and it appears more like a draft of a set of rules with numerous apparent deletions and mark-throughs.

Another unauthenticated document purports to be the set of rules adopted in 1969 which clearly includes seniority as a criterion for promotion. Yet another set of rules adopted in 1974, this one authenticated in relevant part by testimony of the city's personnel director, included the seniority criterion. The personnel director testified that those rules were adopted in 1974 and remained in effect until May 14, 1986.

In opposition to Mr. Driggers' motion for summary judgment, the city presented the affidavit of Fort Smith Fire Chief Jim Moore who stated that he had been a member of the department since 1949 and that from 1957 until 1986 promotions within the department had been based upon seniority of those who had successfully completed the appropriate examinations. He specifically stated that no change in that respect occurred when the city government form changed in 1967.

The city contends there is an issue of fact remaining as to whether, in the words of § 14-48-102(d), the rules providing for seniority as a criterion for promotion have been "altered or repealed." Driggers contends that the document purporting to be the rules in effect up until 1969 shows there was such an alteration or repeal or, presumably, that the city had no rule basing promotions on seniority at the time the government form was changed in 1967. His position is that the document is "evidence" because it was provided to him by counsel for the city who stated in court, "I don't know whether it's accurate or not but it's probably accurate—they probably had rules that didn't say anything about seniority but it was still the law." Driggers' brief states at one point that the pre-1969 and the 1969 rules documents were provided to him in response to a specific discovery request. However, he does not say what the request was, and neither party abstracted any such discovery request or response.

■ The point to be observed here is that Driggers was the party moving for summary judgment. It was his burden to show that there was "no genuine issue as to any material fact and that . . . [he was] entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). To accomplish such a showing, it was Driggers' burden to demonstrate that at some time after 1967 the city based fire department promotions on something other than seniority among candidates who had passed the appropriate examinations. The unauthenticated document purporting to show what the rules were up to 1969 was insufficient to show the rules had been altered or repealed in that respect or that the city had had no seniority criterion in effect at the time it changed government forms.

■ In *Organized Security Life Insurance Co.* v. *Munyon*, 247 Ark. 449, 446 S.W.2d 233 (1969), the insurance company attempted to support its motion for summary judgment by an affidavit of its attorney of record stating that a certain "waiver rider" was attached to and part of an insurance policy. In holding that the document was not established as a part of the policy by the attorney's affidavit, we stated:

> He did not state in his affidavit, when he became attorney for appellant, that he had personal knowledge of the attachment of the waiver rider or, if he did, how he acquired this knowledge. An affidavit by an attorney is not to be considered under summary judgment procedures when the affidavits do not show that the attorney had personal knowledge of the facts set out and that he was competent to testify to them. Ark. Stat. Ann. § 29-211(e) (Supp. 1967) [other citations omitted].
>
> It must be affirmatively shown, or appear from statements contained in any affidavit supporting or opposing a summary judgment, that it is based upon personal knowledge of the affiant, that the facts stated therein would be admissible in evidence and that the affiant is a witness competent to state these facts in evidence. [citations omitted] [247 Ark. at 456, 446 S.W.2d at 237].

The "personal knowledge" requirement formerly found in superseded § 29-211 is now found in Ark. R. Civ. P. 56(e). Not only did the city's counsel not make an affidavit as to the authenticity of

the purported pre-1969 rules, his statement was that he lacked personal knowledge of the matter, and it is clear that the document in the form it was presented to the court was not admissible into evidence.

The document was not self-authenticating under any of the provisions of A.R.E. 902, and although the counsel for the city identified it as a document which had come from the files of his law firm and had writing on it which was in the hand of his partner, a former city attorney, that did not constitute identification by testimony of a witness "having knowledge" as described in A.R.E. 901(b)(1). Counsel for the city specifically said he did not have knowledge of the authenticity of the purported rules in effect up until 1969.

We view the proof submitted with a motion for summary judgment most favorably to the party resisting the motion and we resolve doubts and inferences against the moving party. *Township Builders, Inc.* v. *Kraus Constr. Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985); *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). We hold there was a remaining material issue of fact as to the city's promotion rules for fire department personnel as of 1967 and whether the city had repealed or altered the rules after its change in government in 1967 so as to do away with the seniority criterion. The unauthenticated document purporting to state rules in effect prior to 1969 and submitted with Driggers' motion for summary judgment did not preclude the issue in the face of the affidavit of Jim Moore stating there had been no change in this respect from 1957 until 1986.

## 2. The 1969 and 1974 rules

Driggers argues that, regardless of the content of the rules between 1967 and 1969, when the city adopted comprehensive civil service rules in 1969 and again in 1974, it was unlawful for it to include the seniority criterion for promotion of fire department personnel under its city administrator form of government. It is acknowledged that rules were adopted by the city in 1974, and it is clear that the seniority criterion was contained in them. Assuming, as we must for purposes of this argument that the seniority criterion had been present from 1957 forward, we

are not inclined to hold that the 1974 version of the rules "altered or repealed" this provision absent the citation of authority in support of such a holding. Mr. Driggers has provided no such authority.

### 3. Repeal by implication

Mr. Driggers asks us to hold that Act 97 of 1959, § 1, impliedly repealed § 14-48-102, pursuant to which the city contends it continued its seniority criterion, by repealing the exemption of cities of the first class from the requirements of other civil service statutes. It is enough to say that Act 97 of 1959 did not purport to affect the provisions of § 14-48-102 which permitted the city to continue to act according to the laws governing its former form of government. The argument is that by repealing the exemption of the cities of the first class from the requirements of some of the civil service laws it was implied that all their civil service laws must be uniform regardless of their form of government. Repeal of statutes by implication is not favored. *Riceland Foods, Inc.* v. *Second Injury Fund*, 289 Ark. 528, 715 S.W.2d 432 (1986); *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980). We find no legislative intent to repeal § 14-48-102.

### 4. Waiver

The city argued that even if it were held that § 14-48-102 did not apply to permit it to continue to use its seniority criterion for the promotion of fire department personnel who had passed the appropriate examinations Driggers waived whatever right to promotion he might have had in 1983 by failure to assert it until after our decision in *Bradley* v. *Bruce, supra.* We have no idea whether waiver will become an issue upon remand of this case because we do not know how the factual issue with respect to the city's rules on seniority will be decided. Additionally, no facts were developed on this issue in the summary judgment contest except a statement in the personnel director's affidavit that during the time the 1983 promotion list was in effect Mr. Driggers did not contest the fact that he was not promoted. Therefore, we decline to consider the issue.

Reversed and remanded.