Mr. Lee Douglass Insurance Commissioner 400 S. University Tower Building Little Rock, Arkansas 72204
Dear Mr. Douglass:
This is in response to your request for an opinion concerning Act 477 of 1991. You note that Act 477 amends A.C.A. § 23-64-212
(Supp. 1989) and in so doing, omits any references to the requirement of resident agent countersignatures on policies sold by licensed non-resident agents and brokers. Your question concerning the act is as follows:
 Would this reference to the resident agent countersignature of the policies deleted by Act 477 of 1991 mean that policies for Arkansas risks solicited and sold by licensed non-resident agents and brokers do not now require resident agent countersignature, despite the provisions of Ark. Code Ann. § 23-63-403 et seq.?
For the reasons that follow, it is my opinion that the answer to your question is "no," the resident countersignature requirement of A.C.A. § 23-63-403 has not been repealed.
Act 477, as you have noted, amends A.C.A. § 23-64-212 (Supp. 1989), which sets out the requirements for licensure of nonresident agents and brokers. That provision, prior to its amendment, provided that the Commissioner could license nonresident brokers and agents if otherwise qualified as long as their state of residence granted a similar privilege to brokers and agents in Arkansas (i.e. so long as their state "reciprocated"). The section also made provision for written examination and the waiver of such exams, provided for the fee for nonresident licensure, and established a procedure for obtaining a resident license should the broker or agent move to Arkansas. The two specific aspects of the former statute which were deleted by Act 477, and which give rise to your question, were a requirement as to the business that a nonresident broker could conduct in Arkansas, and a phrase in the requirement that a nonresident broker sign a written agreement as to the nature and extent of business he could do in Arkansas. The first provision, which was entirely deleted by Act 477, stated as follows:
 (a)(2) The licensee shall not have the right to solicit Arkansas business in Arkansas, nor to solicit by mail or telephone Arkansas business in Arkansas, but shall have the right under his license to solicit outside the boundaries of this state and place insurance coverages on subjects of insurance resident, located, or to be performed in Arkansas, if the policies are so issued in insurers authorized to transact insurance in this state and countersigned by an Arkansas agent of the insurer, where applicable.
The second aspect of your question concerns subparagraphs (a)(4) and (b)(4) of former A.C.A. § 23-64-212, which are identical, (the former applying to certain types of brokers and the latter to certain types of agents). These subsections both provide for a prospective nonresident licensee to sign an agreement about the nature of his business in Arkansas. Both provisions state:
 As part of the application for any such license, the commissioner shall require the applicant to file his written agreement acknowledged under the oath of the applicant, that he will not during the period of the license directly or indirectly place insurance upon subjects resident, located, or to be performed in this state, except by policies or contracts in insurers authorized to transact insurance in this state and countersigned by Arkansas resident agents, where countersignature is required under this code.
[Emphasis added.]
The emphasized language at the end was deleted by Act 477 of 1991. In fact, all references to the requirement of a resident countersignature have been deleted from the A.C.A. § 23-64-212 by the new act. The purpose of the new act can be gleaned from its emergency clause, which provides that:
 It is hereby found and determined by the General Assembly of the State of Arkansas that the present law on the licensing of nonresident insurance agents and brokers has resulted in economic harm to Arkansas insurance agents and brokers licensed in other states, in that other states have taken retaliatory action in the form of revocation of Arkansas insurance agent's and broker's licenses in such states because of the restrictions current Arkansas law places on activities of nonresident agents and brokers. . . .
Your question is whether the requirement of a resident agent countersignature has been eliminated because the new act deletes all references to it in A.C.A. § 23-64-212. You pose this question is light of the separate statutes which contain the resident countersignature requirement, and which have not been amended or expressly repealed by Act 477 of 1991. Arkansas Code Annotated § 23-63-403 provides in pertinent part:
 (a) Except as stated in § 23-63-401, all policies of property, surety, and casualty insurance issued by an authorized insurer and covering a subject of insurance located or to be located in this state shall be countersigned by a licensed agent, resident in this state, of the insurer. . . .
Act 477 of 1991 makes no mention of this section. It only amends A.C.A. § 23-64-212, the statute setting out the requirement for nonresident licensure. Act 477 deletes all references to the countersignature requirement in that statute; it does not expressly repeal the statute wherein the requirement is actually contained. The act does contain a "general repealer" clause which states that "[a]ll laws and parts of laws in conflict with this Act are hereby repealed." See Section 4 of Act 477.
Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain,Commissioner, 244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable." Patrick v.State, 265 Ark. 334, 576 S.W.2d 191 (1979). It has also been stated that such a repeal would be a "repeal by implication," (Tinsley v. Craige, 54 Ark. 346, 15 S.W. 897 (1891)), and cases are legion in Arkansas that repeals by implication are not favored in the law. See, e.g., City of Fort Smith v.Driggers, 294 Ark. 311, 742 S.W.2d 921 (1988). Finally, it has been held that where a general act does not expressly repeal a prior special one relating to the same subject, a general repealing clause in the general act will not repeal the nonconflicting special one. Jones v. Oldham, 109 Ark. 24,158 S.W.2d 1075 (1913).
Simply put, A.C.A. § 23-64-212, as amended by Act 477 of 1991, does not conflict with the countersignature requirement of A.C.A. § 23-63-403. The former, as amended, merely contains the requirements for licensure of nonresident agents and brokers. It simply no longer addresses the countersignature requirement. It is thus impossible for it to conflict with such a requirement. An "irreconcilable conflict," in my opinion, is even less apparent. Additionally, we cannot conclude that the legislature, by merely deleting reference to the countersignature requirement in one statute, intended to entirely repeal a separate statutory subchapter establishing the requirement. If this was indeed the legislature's intent, it could have expressly repealed the requirement. It is my opinion that this result has not been accomplished through an implied repeal.
What then is the effect of Act 477? A primary effect, as stated previously, is the fact that the new act entirely deleted former section (a)(2) which contained a prohibition against nonresident licensees soliciting Arkansas business in Arkansas, or soliciting by mail or telephone Arkansas business in Arkansas. This prohibition is no longer in effect. I cannot conclude, however, from the plain language and effect of the act, and taking into account the deletion of the references to countersignature, that the countersignature requirement has also been repealed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb