The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, Arkansas 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion concerning Op. Att'y Gen. No. 93-372, wherein it was concluded that A.C.A. 27-36-303 to -305 prohibit the placement of more than one color of emergency light on the emergency vehicles described in the statutes. That is, all police agencies shall use blue rotating or flashing emergency lights (see A.C.A.27-36-303); fire departments, funeral homes, and ambulance companies shall use red rotating or flashing emergency lights (see A.C.A. 27-36-304); and other types of emergency vehicles which are required or permitted to be equipped with flashing or emergency lights shall use amber lights (see A.C.A.27-36-305).[1] It was stated that there appeared to be no other statutory authority for use of a different color of emergency light other than the ones described in the foregoing statutes. As cited on page two of Op. Att'y Gen. No. 93-372, this office had opined in a previous attorney general's opinion that A.C.A. 27-36-301 to -305 are the exclusive regulations on the use of emergency lights on emergency vehicles and that these statutes exclude the use of any other lights except those referenced in the statutes.
See Op. Att'y Gen. No. 85-010. Additionally, as stated on page 3 of Op. Att'y Gen. No. 93-372, this conclusion seemed consistent with the legislative purpose behind the statutes, which presumably was to require a different color of light for each type of emergency vehicle so that the public would be able to easily recognize and distinguish among the different types of emergency vehicles on the roadways.
In your correspondence, you state that the Garland County Sheriff's Department, as well as perhaps other police departments in the state, use one blue light and one red light on their light bars. You indicate that the Garland County Sheriff's Department started this practice because many out-of-state tourists were not accustomed to seeing blue lights on police vehicles and thus were not properly responding to the department's use of blue lights. You also note that the Garland County Sheriff's Department relied on A.C.A. 27-37-202(c)(1) (2) and (d) as authority for their decision to use one blue light and one red light. With regard to these matters, you have asked for an opinion on whether A.C.A. 27-37-202(c)(1) (2) and (d) have any effect on the conclusion reached in Op. Att'y Gen. No. 93-372 (i.e., do the foregoing provisions allow police departments to use both red and blue emergency lights).
Arkansas Code Annotated 27-37-202 (1987) is entitled "Horns and warning devices — Flashing lights on emergency vehicles" and appears in the chapter entitled "Equipment regulations," rather than in the chapter entitled "Lighting regulations," wherein A.C.A. 27-36-303 to -305 appear. Subparagraph (c) of A.C.A. 27-37-202 provides:
 (1) Every authorized emergency vehicle shall be equipped with signal lamps in addition to any other equipment and distinctive markings required by this subchapter. These lamps shall be mounted as high and be as widely spaced laterally as practicable. The vehicle shall be capable of displaying to the front two (2) alternately flashing red lights located at the same level and to the rear two (2) alternately flashing red lights located at the same level.
 (2) These lights shall have sufficient intensity to be visible at five hundred feet (500') in normal sunlight.
Subparagraph (d) of A.C.A. 27-37-202, the section on which the Garland County Sheriff's Department specifically relies for use of its combination of blue and red lights, states:
 A police vehicle, when used as an authorized emergency vehicle, may, but need not, be equipped with alternately flashing red lights specified in this section. [Emphasis added.]
With regard to your question, it is my opinion that A.C.A.27-37-202(c)(1) (2) and (d) do not compel a different conclusion than the one reached in Op. Att'y Gen. No. 93-372. Those provisions were, in fact, reviewed and considered prior to issuance of the previous opinion. After such review, it was my opinion that the type of lights described therein were those utilized as part of "signal lamps," which I did not interpret as the type of lights which are generally referred to as "emergency lights." The existence of the more specific statute on emergency lights for police vehicles (A.C.A. 27-36-303) also seemed to militate against such an interpretation. However, even if the lights described in A.C.A.27-37-202(c)(1) (2) and (d) are, as the Garland County Sheriff's Department asserts, those types of lights which may be used on top of vehicles as "emergency lights," it is my opinion that the statutes specifically relating to emergency lights for emergency vehicles, A.C.A. 27-36-303 to -305, would, in that instance, impliedly repeal 27-37-202(c)(1) 
(2) and (d).
Although cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law (see e.g. City of Fort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921
(1988)), it has been stated that when a later act covers the entire subject matter of an earlier one, adding new provisions and plainly showing that it was intended as a substitute for the first act, the older act is repealed by implication. Nance v. Williams, 263 Ark. 237, 564 S.W.2d 212 (1978). If the "alternately flashing red lights" referred to in A.C.A.27-37-202(c)(1) (2) and (d) are indeed emergency lights which are used on top of emergency vehicles, it is my opinion in view of the precept stated in Nance that 27-36-303 to -305 impliedly repeal those provisions, as 27-36-303 to -305 were passed later in time (see Ark. Acts 1969, No. 96, 1-9, entitled "An Act to Regulate the Use of Blue, Red and Amber Emergency Lights") and as it appears that the legislature intended in the act to cover the subject matter of emergency lighting on authorized emergency vehicles.
Finally, while it is my opinion that there is no reason to change the conclusion reached in Op. Att'y Gen. No. 93-372, I recognize that the Garland County Sheriff's Department, as well as potentially other police departments who may use red emergency lights, feel very strongly about their position, especially since replacement of the red lights could prove costly. As such, it may be that legislative clarification is needed in order to achieve a final resolution on this subject.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] See also A.C.A. 27-49-219(d)(1)(A) (Cum. Supp. 1993), which defines "authorized emergency vehicle" to include "[m]otor vehicles used by state, county, or city and municipal police agencies, all of which shall be equipped with blue rotating or flashing emergency lights."