Jack A. STOREY and Mary Jon STOREY *v.*
John L. JOHNSON and Tommy Gosnell
d/b/a UNITED FARM AGENCY

CA 80-165                                        605 S.W. 2d 480

Court of Appeals of Arkansas
Opinion delivered September 24, 1980

*Irwin & Kennedy*, for appellants.

*Young & Finley*, for appellees.

JAMES H. PILKINTON, Judge. This appeal is from a judgment in the lower court based on a jury verdict for $5,500 in favor of appellees against appellants for a real estate commission. The case originated as a suit by United Farm Agency, Inc. The complaint alleges that appellants, as defendants below, executed an exclusive listing contract with United Farm Agency, Inc., through John L. Johnson, a local representative, authorizing the sale of certain property in Ola, Yell County, Arkansas. There is no dispute concerning the property involved. The listing was for one year with the expiration date of June 16, 1977. The complaint further alleges that on February 22, 1977, plaintiff obtained a buyer who was willing to pay $95,000 and that the defendants accepted the offer. Appellants later refused to sell through the broker at the price which they had agreed to take and thereafter dealt directly with the buyer and consummated the sale. It is undisputed that the buyer, who lived in California, became interested in the property through the direct efforts of appellees. Appellants refused to pay the balance of the commission due under the listing contract, and this suit resulted.

Without raising any question about the plaintiff's status, defendants filed an answer admitting that Mr. and Mrs. Storey had signed the listing contract in question. They denied, however, that plaintiff had obtained a buyer for $95,-000. They also filed a counterclaim seeking to recover the partial payment of the commission previously made from certain escrow funds in the brokers' hands.

Some five days before the trial, John L. Johnson and Tommy Gosnell, as individuals, filed a petition asking that they be substituted as parties plaintiff in this suit. This pleading set out that they were real estate brokers licensed to do business in the State of Arkansas, and were operating under the name of United Farm Agency. They claimed to be the real parties in interest, and to have had the listing agreement in question. This pleading admitted their business is not a corporation, but alleged it is a partnership; and further ad-

mitted that United Farm Agency, Inc., is not a licensed real estate broker in Arkansas. The petition further alleged that no proof would be altered by the substitution, that no delay would result, and that it should be allowed so all matters involved in the case could be fully and promptly adjudicated. This petition also asked that Johnson and Gosnell, as individuals, d/b/a United Farm Agency be designated as cross-defendants in the counterclaim. The defendants filed no response to this petition to substitute plaintiffs, but did make a verbal objection at the time the trial court acted on it. After the court granted the petition to substitute plaintiffs, the trial proceeded accordingly.

Appellants first argue that the court below erred in permitting the appellees to be substituted as plaintiffs. We find no merit in this argument. Even before the adoption of the new Arkansas Rules of Civil Procedure, our statutes required that an action be prosecuted in the name of the real party in interest. There is no doubt from this record that John L. Johnson and Tommy Gosnell were doing business at Russellville, Arkansas, under the name of United Farm Agency, or that Mr. Johnson took the listing in question. As the trial court pointed out, the listing was in writing and does not identify the business as a corporation. Our courts are firmly committed to a liberal construction of the statutes and rules pertaining to pleadings in an attempt to insure, and certainly to permit, the prosecution of an action by the real party or parties in interest. *Childs* v. *Philpot*, 253 Ark. 589, 487 S.W. 2d 637 (1972). We cannot agree that the new Arkansas Rules of Civil Procedure pertaining to pleadings should be given a more narrow construction than our previous statutes on the subject. See Rule 15, Arkansas Rules of Civil Procedure; *Milne* v. *Milne*, 266 Ark. 900 at 904, 587 S.W. 2d 229 (1979). The defendants failed to satisfy the trial court that the substitution of parties would prejudice them in maintaining their defenses *upon the merits*. We cannot say that the action of the court in permitting the substitution of plaintiffs was an abuse of discretion under the circumstances.

Appellants next contend that there was no direct evidence that either Mr. Johnson or Mr. Gosnell were licensed real estate brokers, and claim that the trial court should

have directed a verdict for the defendants because of this failure of proof. The petition to have themselves substituted as parties plaintiff clearly sets out on its face, as required by Ark. Stat. Ann. § 71-1302 (Repl. 1979), that both Mr. Johnson and Mr. Gosnell were licensed real estate brokers under the Arkansas law. The testimony refers to them as brokers who were responsible for the operation of the salesmen who worked for them. Neither the pleading, nor the testimony referring to them as brokers, were challenged in any manner by the defendants. While the evidence on this particular point could have been more explicit, we agree with the trial court that the record, taken as a whole, is sufficient to show that Mr. Johnson and Mr. Gosnell were qualified brokers, but that United Farm Agency, the partnership under which they operated, was not so qualified.

Appellants also complain of a certain instruction given by the trial court, but the record discloses that appellants made no objections to the form or substance of any of the instructions at the trial level. They are in no position to question the instructions on appeal. *St. Louis S.W. Ry. Co.* v. *Pennington*, 261 Ark. 650, 553 S.W. 2d 436 (1977); *Willis* v. *Elledge*, 242 Ark. 305, 413 S.W. 2d 636 (1967).

Finally appellants seem to argue that the jury verdict is not supported by the evidence. We find no merit in this contention because there is ample evidence in the record, some of which is undisputed, that this property was placed in the agents' hands, and the sale involved was brought about by their efforts. Arkansas adheres to the general rule that a broker is entitled to his commissioner if he is the procuring cause of an eventual sale concluded between owner and purchaser. This well known rule was adopted by the Arkansas Supreme Court as early as case of the *Scott* v. *Patterson & Parker*, 53 Ark. 49, 13 S.W. 419 (1890), where the court approved the following statement:

> [i]f, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisements and exertions, he will be entitled to his commissions; or if the agent introduces the purchaser, or discloses his name, to the seller, and, through such introduction or

disclosure, negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner.

All later cases seem to follow this rule. We hold that the evidence in this case is sufficient to sustain the jury's verdict.

Finding no error in the proceedings, we affirm the judgment of the circuit court.