Tommy BARRETT d/b/a BARRETT REAL ESTATE
v. LAND MART OF AMERICA, INC.

CA 81-101                                    621 S.W. 2d 889

Court of Appeals of Arkansas
Opinion delivered October 14, 1981

*Ridgeway, Burtness, Switzer, P.A.,* by: *David B. Switzer,* for appellant.

*Wood, Smith & Schnipper,* by: *Harry E. Cook, Jr.,* for appellee.

Tom Glaze, Judge. This case involves the construction of a written agreement entered into between Land Mart of America, Inc. (Land Mart) and Barrett Real Estate (Barrett). Both parties are in the real estate business. Under their agreement, Land Mart was to find prospective purchasers for properties listed for sale by Barrett. Land Mart maintains advertising and service facilities whereby property is presented for sale to potential purchasers throughout the United States. The parties agreed that when listed property was sold by Barrett, Land Mart and Barrett would divide commissions derived and collected from each sale 25% and 75% respectively.

A dispute arose between the parties when Barrett elected to terminate its relationship with Land Mart, giving Land Mart thirty days notice in accordance with the terms of the written agreement. At the time of termination, purchasers

had been secured through the efforts and services of Land Mart in connection with two separate properties listed by Barrett. In one case, a sale had already been consummated and one-half of the commission had been collected and duly split between Barrett and Land Mart before the parties' agreement was terminated. In the second instance, the sale of property was not consummated until after the agreement ended. In both cases, Barrett refused to pay Land Mart any further commissions Barrett received after it terminated its agreement with Land Mart. In refusing to pay, Barrett relies on the following terms set out in paragraph (14) of the parties' contract:

> (14) Commissions and net forfeited deposits *secured and received during the term of this contract* as a result of the sale of property sold by or through Representative [Barrett] or his assistants or associates shall be divided as follows: 75% Representative, 25% for Land Mart on all gross commissions. [Emphasis supplied.]

Barrett argues, simply, that at the time it terminated the agreement with Land Mart, Barrett had not received one-half of the commission in the first sale and none of the commission in the second sale. Since these commissions were not "received" when it terminated the agreement, Barrett contends Land Mart is not entitled to its 25% share. In both instances, Barrett did receive commissions after the agreement was terminated. Of course, if the terms of the parties' agreement were effective, Land Mart would be entitled to its 25% share of the commissions, *viz.*, $1,387.50. The trial court rejected Barrett's argument and entered judgment in favor of Land Mart. We agree and affirm the lower court's judgment.

First, it is important to note that Barrett never challenged the fact that Land Mart was the procuring cause of the eventual sales considered in this appeal. In this connection, we note that Arkansas adheres to the general rule that a broker is entitled to his commission if he is the procuring cause of an eventual sale concluded between the owner and purchaser. *Storey* v. *Johnson*, 270 Ark. 392, 605

S.W. 2d 480 (Ark. App. 1980). We believe the general rule in *Storey* is also applicable to the facts before us, *i.e.*, where, pursuant to an agreement, the broker, Land Mart, procures a purchaser for property listed by another broker, Barrett. However, Barrett contends that, regardless of the fact that Land Mart procured or secured the two sales involved here, the written agreement between the parties requires the commissions to be "secured *and* received during the term of the contract" before Land Mart was to be given its share of the commission. If we were to accept this construction of the written agreement, it would allow Barrett to unilaterally defeat the obvious intentions of both parties when they entered into their agreement.

The intention of the parties is to be gathered, not from some particular phrase, but from the whole context of the agreement. *Schnitt* v. *McKellar*, 244 Ark. 377, 427 S.W. 2d 202 (1968). Moreover, to arrive at the intention of the parties to a contract, courts may acquaint themselves with the persons and circumstances and place themselves in the same situation as the parties who made the contract. *Schnitt* v. *McKellar, supra.*

Here, it is reasonable to conclude that since both parties sell real estate that they are aware of the general principle that commissions are paid brokers who are the procuring cause of a sale of property. Both Barrett and Land Mart entered into their arrangement to earn commissions. Barrett argues that the terms "secured and received" used in the parties' agreement should be construed to defeat Land Mart's rights to the commissions in question. Barrett argues further that since the contract and terms were drafted by Land Mart, the contract should be construed against Land Mart.

While it is the general rule that any ambiguity in a contract must be construed against the party who drafted it, a construction which neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *North* v. *Philliber*, 269 Ark. 403, 602 S.W. 2d 643 (1980). The construction requested by Barrett not only neutralizes other provisions of the parties'

74

agreement, it totally belies and negates the reasons the parties entered the agreement in the first place, *viz.*, to earn commissions. Obviously, under Barrett's construction of the agreement, Barrett could obtain purchasers from Land Mart's services, effectuate sales and then opt to terminate its agreement before any commissions were received from the sales. Under this arrangement, Barrett would receive 100% of the commissions. As the trial court deduced, this result is clearly inconsistent with the purpose of the arrangement and agreement between the parties that each party would share in the commissions derived from their respective services, listings and other efforts. Accordingly, we must affirm the trial court's holding that Land Mart is entitled to its 25% share of the commissions.

Affirmed.