## John MADDOX v. ST. PAUL SCHOOL DISTRICT

CA 85-137                                         697 S.W.2d 130

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1985

*Cearley, Mitchell & Roachell*, by: *Marcia Barnes*, for appellant.

TOM GLAZE, Judge. This is an appeal from the circuit court's dismissal of appellant's complaint, which alleged that appellee had breached appellant's teaching contract for the 1982-3 school

year by deducting $722 from appellant's final paycheck.

On June 30, 1982, appellant and appellee entered into a teacher's contract, whereby appellant agreed to teach physical education and health and to coach basketball and baseball. The contract covered a time period of "9 Months of school; 200 Days of school; 10 Calendar months; From August 2, 1982, to May 31, 1983." In return, appellee agreed to pay appellant annual compensation of $16,055.00 in eleven installments. Appellant reported to work from August 2, 1982 through May 17, 1983. The last day of school was May 17, 1983. On June 14, 1983, appellant received his final check from appellee, from which appellee had deducted $722.00 for the nine working days, between May 17th and May 31st, appellant did not report to work. Appellant sent appellee a letter dated June 22, 1983, demanding payment of this amount, and after receiving no response, filed this suit.

The trial court found that it was undisputed that the contract under which appellant was teaching was for the period of August 2, 1982 through May 31, 1983. The judge acknowledged that there were other time provisions in the contract, *i.e.*, nine months of school, two hundred days, and ten calendar months, but found that, while appellant's interpretation of the contract that he did not have to report to work after May 17th, the last day of school, was understandable, he failed to show by a preponderance of the evidence that he was excused from reporting to school until May 31st.

Appellant contends the trial court wrongly construed the contract to require appellant's presence until May 31, 1983. Of course, we cannot overturn the findings of a circuit judge sitting as a jury unless we find them to be clearly erroneous or clearly against the preponderance of the evidence. *Izard County Board of Educators* v. *Violet Hill School District*, 10 Ark. App. 286, 663 S.W.2d 207 (1984). Here, we hold the trial court's finding that the appellant was required to report to work through May 31st is clearly erroneous. Therefore, we reverse.

Traditional contract principles apply to teacher employment contracts. *Gillespie* v. *Board of Education of North Little Rock*, 528 F.Supp. 433 (D.C. Ark. 1981), *aff'd* 692 F.2d 529 (8th Cir. 1982). It is a well-settled rule that any ambiguity in a contract must be construed against the party who drafted it.

*Williams* v. *Cotten,* 9 Ark. App. 304, 658 S.W.2d 421 (1983); *Barrett* v. *Land Mart of America, Inc.,* 3 Ark. App. 70, 621 S.W.2d 889 (1981). The time provisions in appellant's contract are ambiguous, setting forth four different time provisions, 9 months of school, 200 days of school, 10 calendar months, and from August 2, 1982 through May 31, 1983, none of which cover an identical period of time. The appellee prepared appellant's contract, which was a standard form used with all the district's teachers. The trial court was therefore required to construe the contract against appellee and in favor of Maddox. As noted earlier, the judge indicated in his finding he understood how appellant could interpret the contract as he did, but then construed the ambiguous time provisions in appellee's favor. In doing so, the trial court arbitrarily chose the provision "From August 2, 1982 through May 31, 1983" as controlling.

Now, we turn to the evidence that we believe underscores the trial court's error. Here, appellee prepared and issued to all its teachers a standard form contract, which reflected a time period ending May 31st. In fact, the only date that varied in these contracts was the beginning date—teachers who had 180-day contracts were to begin on August 10th, while appellant and other teachers who had 200-day contracts were required to begin on August 2nd. Danny Patrick, the school superintendent, testified that the May 31st date gave the school extra time within a teacher's contract to make up missed, but required, days in the school term without holding the teachers beyond their contract deadline. He admitted that the teachers under a 180-day contract were free to leave after the last day of school, which, in this instance, was May 17, 1983. Deborah Snell, a former teacher for appellee, and appellant both testified that Patrick told the teachers at a meeting prior to the end of school that, once they turned in their paperwork after the last day of school, they were free to leave. While Patrick attempted to distinguish at trial between a nine-month teacher and a ten-month teacher, appellant's contract, like those of all the other teachers (with exception of Glen McCutchen, the football coach and junior high principal), was for nine months of school and ten calendar months. Although Patrick testified the appellant was expected to be at school for the full 200 days, he admitted that the only other teachers who had identical time provisions in their contracts, the

vocational teachers, were not required to report for work after school was out. No other teacher was docked any pay, nor is there any provision in the contract allowing for such a deduction.

Patrick testified that, as superintendent, he had expected appellant to be at school after May 17th. He testified that appellant knew he had to get his permission to be absent after May 17th and that appellant's duties were to handle the paperwork for his sports. However, Patrick admitted that he had not told appellant that year that he was supposed to be at school after the last day. Appellant testified, and Patrick did not deny it, that he had turned in all his paperwork by the last day of school. Furthermore, Patrick admitted that at no time after the last day of school did he contact appellant to find out why he was not showing up. Patrick's conduct, as agent for appellee, indicated that appellee intended the operative-time term in teachers' contracts to be the months of school, not the days of school or the time frame from August 2nd (or 10th) until May 31st. In construing a contract, the court will look to the conduct of the parties to determine what they intended. *Welch* v. *Cooper*, 11 Ark. App. 263, 670 S.W.2d 454 (1984). Even when the contract is ambiguous, the parties will be bound to the construction which they have placed on it. *Organized Security Life* v. *Munyon*, 247 Ark. 449, 446 S.W.2d 233 (1969).

Appellee's action, in docking pay from appellant's paycheck only, and not from those of other teachers with identical time provisions in their contract, was arbitrary. Construing the contract in appellant's favor, as must be done, we conclude that appellant established by a clear preponderance of the evidence that appellee wrongfully withheld the sum of $722.00 from appellant's last paycheck. Therefore, we reverse the trial court and remand with directions to enter a judgment accordingly.

Reversed and remanded.

COOPER and CORBIN, JJ., agree.