Robert WHITFIELD *v.* LITTLE ROCK PUBLIC
SCHOOLS

CA 87-406                                    756 S.W.2d 125

Court of Appeals of Arkansas
Division I
Opinion delivered August 31, 1988

*Mitchell and Roachell,* by: *Richard W. Roachell,* for appellant.

*Friday, Eldredge & Clark,* by: *Christopher Heller,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Circuit Court, Third Division. Appellant, Robert Whitfield, appeals from the order dismissing his appeal of the decision rendered by the Little Rock School District Board of Education regarding termination of his employment. We affirm.

Appellant, a second grade teacher in the Little Rock School District, received a letter from his principal, Mary Guinn, on January 9, 1986, alleging that he had grossly neglected his responsibility to handle behavior problems and disruptions on twelve occasions despite prior conferences on the matter. The letter noted that failure to correct the problem would necessitate probationary status pursuant to the Professional Negotiations Agreement (hereinafter "PNA"), an agreement between the Little Rock School District (hereinafter "District") and the Little Rock Classroom Teacher's Association, and requested that appellant discuss the matter with her as soon as possible. On February 21, 1986, Principal Guinn notified appellant in writing

that he was being placed on 60 days probation in accordance with Article VI, Section B of the PNA for failing to render efficient and competent instructional service. The letter referred to deficiencies in planning, instructional procedures, handling behavior problems, classroom organization and management, record keeping, report handling and other concerns. Pursuant to the PNA and in conformance therewith, appellant filed a grievance with Principal Guinn alleging that he was improperly evaluated in violation of Article XIX, Section F of the PNA and requested that his probation be rendered invalid. Principal Guinn notified appellant on March 3, 1986, that she agreed that a procedural error had been made and removed appellant from probationary status. On March 4, Principal Guinn, after obtaining authorization from the superintendent of schools, notified appellant that he was suspended from employment with pay in accordance with Article VI, Section C of the PNA. In a letter dated March 24, Principal Guinn stated that "the reason for your suspension is that five (5) fights occurred in your classroom prior to 12:45 p.m. on March 4, 1986. You were observed on three out of the five fights to be standing in the middle of the classroom as though you had neighter [sic] seen nor heard anything." The letter also informed him that a conference was held on the same day with a parent of one of his students who alleged that appellant threw a wastebasket at her child.

Appellant filed a grievance alleging a violation of Article VI, Section B which allows 60 contract days to remedy deficiencies in efficient and competent service. Appellant asserted that the suspension was in reprisal for the grievance filed successfully against Principal Guinn. The grievance was presented to his principal, the superintendent of schools and finally to the Little Rock District Board of Education (hereinafter the "Board"). The grievance was denied at all levels on the basis that the incidents occurring on March 4, 1986, were conduct sufficient to warrant the suspension. Pursuant to Arkansas Code Annotated § 6-17-1510(d) (1987) the decision rendered by the Board was appealed to Pulaski County Circuit Court. The trial judge, sitting as a jury, affirmed the Board's decision and dismissed the appeal. From that judgment comes this appeal.

For reversal, appellant alleges that the circuit court erred by dismissing appellant's claim that the Little Rock School District

breached the PNA. We disagree. Appellant essentially argues that under the terms of the PNA he was entitled to 60 contract days to remedy the deficiencies for which he was terminated because his actions were improperly characterized as conduct seriously prejudicial to the best interest of the school system.

Appellee argues that the Board's decision must be upheld unless it was arbitrary, capricious or discriminatory pursuant to the Teacher Fair Dismissal Act. Appellee asserts that the PNA is merely a voluntary effort on the part of the District to define the relationship between the District and its teachers. However, pursuant to Arkansas Code Annotated § 6-17-204(a) (1987) the personnel policies of each district are incorporated as terms of the employment contract and are binding upon both parties unless changed by mutual consent. Although the PNA may have been a voluntary effort on the part of the District, it is policy which is to be incorporated pursuant to the statute. The standard of arbitrary and capricious under the Teacher Fair Dismissal Act may be displaced where the incorporated policies govern the issue of teacher dismissal and expand the teacher's rights by contract. As the supreme court recently noted in *Murray* v. *Altheimer-Sherrill Public Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988), as a matter of contract law and fair dealing a teacher may reasonably expect the district to comply substantially with its own declared policies even though such policies do not have the force of law. *Id.* at 410, 743 S.W.2d at 792 (quoting *Maxwell* v. *Southside School Dist.*, 273 Ark. 89, 618 S.W.2d 148 (1981)). Whether a provision of the PNA was violated in the present case is a matter of contract law, and traditional contract principles apply to teacher employment contracts. *See Maddox* v. *St. Paul School Dist.*, 16 Ark. App. 112, 697 S.W.2d 130 (1985). We will reverse only if we find, on review of the trial court's decision, that the court's findings were clearly erroneous. *Murray* at 406, 743 S.W.2d at 790.

Teacher dismissal is governed by Article VI of the PNA. The two sections of Article VI pertinent to this appeal deal with the termination and non-renewal of tenured teachers and teacher suspension. Section B regarding the termination and non-renewal of tenured teachers states in pertinent part:

1. A tenure teacher will not be discharged or non-renewed

for arbitrary or capricious reasons or without justification. The annual contract of all teachers on tenure shall be renewed unless the following procedure has been pursued . . . .

> a. Any teacher who is not rendering efficient and competent service shall be given written notice of the particular areas in which such service is considered to be inefficient and incompetent. . . . A teacher, so charged, will be given sixty (60) contract days to remedy the alleged deficiencies.

Section C, under which appellant was charged, governs teacher suspension and states in pertinent part:

> The contract of any teacher who engages in conduct seriously prejudicial to the best interest of the school system may be suspended with pay at any time. Upon suspension, the teacher will receive a list of the specific charges that led to the suspension.

Appellant alleges that he was discharged for not rendering efficient and competent "service" under Section B(1)(a) rather than "conduct" seriously prejudicial to the best interest of the school system under Section C and was thus entitled to 60 days probation. However, he offered no proof at the trial court level that the Board deviated from an established definition in classifying his deficiencies as "conduct" rather than "service." Instead, he now urges on appeal that we adopt the standard of remediation used by other jurisdictions to differentiate the two terms. The remediation standards cited are mandated by statute in the respective jurisdictions. We have no comparable statute and adoption of such standard would amount to legislating by this court.

The question of whether certain actions constituted "conduct" or inefficient "service" is one of fact to be resolved by the trier of fact; in this case, the Board. On appeal to the circuit court, the trial judge must be satisfied that there was substantial evidence to support the Board's characterization of appellant's actions as violative of Article VI Section C. In the absence of proof that the provisions were interpreted differently by the Board in this case than in others, appellant failed to meet his

burden that the provisions were violated. We cannot say that the trial court's finding that the appeal should be dismissed based upon the evidence presented is clearly erroneous.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.