HELENA-WEST HELENA SCHOOL DISTRICT #2
*v.* Wayne RANDALL, et al.

CA 89-473                                    796 S.W.2d 586

Court of Appeals of Arkansas
Division II
Opinion delivered October 3, 1990

*David Solomon*, for appellant.

*Mitchell and Roachell*, by: *Paul J. Ward*, for appellee.

JUDITH ROGERS, Judge. This appeal involves a salary dispute wherein appellees, all former or present athletic staff members, filed suit seeking judgment for uncompensated wages claimed due them based on a provision contained in the salary schedule adopted by appellant school district. The circuit court, sitting without a jury, concluded that the provision in question, entitled "Extended Terms Contracts," applied to appellees, and granted judgment, individually, in their favor. Appellant raises two points on appeal, arguing alternatively that the trial court's

finding that appellees had extended terms contracts is clearly erroneous, or that, if the court were not in error, then any amounts due appellees should be reduced by the supplements received by them for the same period of time. We affirm.

In this lawsuit, appellees claimed that they were owed back pay for extra days worked in the school years from 1982 through 1986. The following facts were undisputed. Appellees' written contracts provided for a term of ten months, or 203 days for each year at issue, beginning on August 1, which was beyond the term for regular teachers, being nine and a half months, or 190 days. Appellees' contracts provided for payment in accordance with salary schedules adopted each year by the school district, which were based on the number of years teaching experience and the education degree held by each teacher. Appellees, as coaches, also received supplements in varying amounts depending on the coaching duties assigned.

The teacher's salary schedules at issue contained the following provision:

> Extended Term Contracts (those that exceed 194 days) shall be paid at a daily rate of pay, depending on degree and experience, multiplied by the number of days to be worked. The number of days constituting the school year shall be established by the Board of Directors each year.

The schedule for the 1985-1986 school year did not include the parenthetical language, "those that exceed 194 days." The schedules also contained a clause providing that "[a]ll other Compensated Extra Duties shall be paid for at set supplements." The school district also adopted a policy stating that "the salary of personnel shall be in accordance with the board's salary schedule."

At trial, appellees contended that, because they worked more days than other teachers, the extended term provision applied to them, and they claimed that they were owed for the extra days of work at a daily rate of pay in accordance with the provision. On the other hand, appellant argued that the extended term provision was not applicable, as appellees were paid by contract for a fixed term and amount, including the supplement, which it claimed compensated appellees for all extra duties

performed.

The case was tried on the theory that an ambiguity existed between the written contracts and the salary schedules. The circuit judge heard testimony presented by the appellees to the effect that appellees, in reporting early on August 1, performed various duties in addition and unrelated to their coaching responsibilities. There was also testimony given that some were told that their pay would be docked for failing to report on the days between August 1 and the beginning of the school year. There was further testimony that some coaching activities took place after school and on weekends. Tom Cheney, superintendent of schools in the district, testified on behalf of appellant that appellees were not traditionally considered as having extended term contracts. He explained that personnel, such as deans, counselors and vocational teachers, who worked longer than regular teachers, were paid on an extended term basis. Mr. Cheney said that the supplements, or stipends, received by appellees covered the extra duties performed by them.

In its judgment of April 29, 1989, the trial court found that the provision on extended contracts applied to appellees' contracts, and was in addition to the stipend paid coaches for athletic work. On appeal, appellant argues that this finding is clearly against the preponderance of the evidence.

Arkansas Code Annotated section 6-17-201 (Supp. 1989) provides that "[e]ach school district in the state shall have a set of written personnel policies, *including the teacher salary schedule*" (emphasis supplied). *See also Nathaniel* v. *Forrest City School District No. 7*, 300 Ark. 513, 780 S.W.2d 539 (1989). By statute, personnel policies in effect at the time a teacher's contract is entered into or renewed are considered as being incorporated into the contract, and are binding on both parties unless altered by mutual consent. Ark. Code Ann. § 6-17-204(a) (1987). While personnel policies do not have the force of law, *Maxwell* v. *Southside School District*, 273 Ark. 89, 618 S.W.2d 148 (1981), as a matter of contract law and fair dealing a teacher may reasonably expect the district to comply substantially with its own declared policies. *Whitfield* v. *Little Rock Public Schools*, 25 Ark. 207, 756 S.W.2d 125 (1988). We note that traditional contract principles apply to teacher employment

contracts, and any ambiguity in a contract must be construed against the party who drafted it. *Maddox* v. *St. Paul School District*, 16 Ark. App. 112, 697 S.W.2d 130 (1985). The appellate court will reverse only if it finds, on review of the trial court's decision, that the trial court's findings were clearly erroneous. *Whitfield* v. *Little Rock Public Schools, supra.*

■ Based on statutory authority, it is readily apparent that the salary schedule, as a personnel policy, was incorporated as part of the appellees' written contracts. Thus, it was for the trial court to reconcile the differing salary provisions at issue. We regard the trial court's decision as being reasonable both in terms of the facts presented and the clauses themselves. It was established that appellees' contracts provided for a term longer than that of other teachers, and required their attendance earlier than regular teachers. These facts plainly fit within the definition of the extended contract provision which provides extra compensation at a daily rate of pay. Moreover, we perceive no inconsistency in the trial court's ruling that payment under the extended term provision was to be additional to the supplements received. The clause in the schedule referring to supplements stated "[a]ll *other* Compensated Extra Duties shall be paid for a set supplements" (emphasis ours). By usage of the word "other," it is reasonable to conclude that the payment for extra days worked, and extra duties, are not mutually exclusive. Based on our analysis, we cannot say that the decision of the trial court is clearly erroneous.

As its second issue, appellant argues that it is entitled to a set off for the supplements received by appellees against the amounts due under the extended term provision. We have briefly touched upon this issue, and decline to discuss it further, inasmuch as it is being raised for the first time on appeal. *See, St. Louis Southwestern Railway Co.* v. *White*, 302 Ark. 193, 788 S.W.2d 483 (1990).

Affirmed.

COOPER AND MAYFIELD, JJ., agree.