## Joyce BOND v. LAVACA SCHOOL DISTRICT

CA 00-236                                                    38 S.W.3d 923

Court of Appeals of Arkansas
Division I
Opinion delivered February 28, 2001
[Petition for rehearing denied April 4, 2001.]

*Mitchell, Blackstock, Barnes, Wagoner & Ivers,* by: *Jack Wagoner III,* for appellant.

*Thompson & Llewellyn, P.A.,* by: *James M. Llewellyn, Jr.,* for appellee.

WENDELL L. GRIFFEN, Judge. Joyce Bond appeals from the order of summary judgment entered in favor of her employer, appellee Lavaca School District. We hold that the statute of limitations under the Fair Teacher Dismissal Act does not bar appellant's claim because the case does not involve dismissal or nonrenewal of a contract. We also hold that the trial court erred as a matter of law in finding that the Arkansas statute mandating proportional pay for additional days worked, Arkansas Code Annotated section 6-17-807 (Repl. 1999), does not apply to appellant's teaching contract. We further hold that the trial court erred in finding that the school district's supplemental salary schedule complied with Arkansas Code Annotated section 6-17-204(b) (Repl. 1999), and that appellant was not entitled to compensation for duties performed in addition to her certified teaching assignments. Finally, we hold that a genuine issue of material fact remains regarding how many additional days appellant worked under each contract involved in this case; thus, a genuine issue of fact remains with respect to how much compensation appellant is entitled. Accordingly, we reverse and remand for trial.

Appellant is employed by appellee in two capacities. She teaches in certified areas as defined by the school's administration. She also serves as appellee's Chapter One Coordinator, an administrative position involving eighteen different major duties, but the primary function is to "insure adherence to and compliance of the regulations and guidelines set by the Federal and State government" for the Chapter One program.

Appellant's teaching contract runs from July 1 through June 30, states that the grade or subject to be taught is "Chapter I Lab," requires her to teach in certified areas as assigned by administration and any other reasonable and relevant duties as assigned by the

principal, indicates that her salary will be paid in twelve install-
ments, and provides that the length of her term of employment is
205 days. The salary schedule attached to her annual contract states
that "[e]xtended contracts will result in an increase of .005 per day
for each day beyond one hundred [and] eighty five days." The salary
schedule also indicates that certain duties performed by certified
personnel will be compensated at a specified rate. However, the
salary schedule does not include a special rate of compensation for
the Chapter One Coordinator position.

On June 22, 1998, appellant filed a complaint in Sebastian
County Circuit Court, alleging that for the school years 1993-94,
1994-95, 1995-95, 1996-97, and 1997-98, appellee failed to pay
her as required under Arkansas Code Annotated sections 6-17-807
and 6-17-204(b)(2) (Repl. 1999). Appellant subsequently amended
her complaint to include the years 1998-99 and any time through
trial. Specifically, appellant alleged that the Chapter One Coordina-
tor position requires her to work the equivalent of twenty addi-
tional days beyond the 185-day regular school year, but appellee did
not pay her proportionately for additional days worked based on her
daily rate for the regular school year as required under section 6-17-
807. She also alleged that appellee violated section 6-17-204(b) by
failing to include the Chapter One Coordinator position on its
salary schedule and by failing to pay her for additional duties
performed.

Appellant and appellee filed competing motions for summary
judgment. Appellee asserted that appellant's action was barred by
the Fair Teacher Dismissal Act under Arkansas Code Annotated
sections 6-17-1506 and -1510 (Supp. 1999). Appellee also argued
that section 6-17-807 only applied when additional days are added
to a teacher's contract from one year to the next, which was not the
case here; it maintained that it complied with section 6-17-
204(b)(2); and it asserted that appellant waived any complaints she
had under her contract when she renewed her contract each year
without complaint. In her motion for summary judgment, appel-
lant raised the same arguments as alleged in her complaint, specifi-
cally disputed appellee's waiver argument, and denied that the stat-
ute of limitations found in the Fair Teacher's Dismissal Act
precluded her complaint because this case did not involve nonre-
newal of a contract or dismissal.

The trial court found that appellee had not violated the above
statutes because the salary schedule provided for an additional incre-
ment for days worked beyond the regular school year, and the
statutes did not require appellee to provide an added increment for

the Chapter One Coordinator position because it was not a certified position. The court further found section 6-17-807 did apply to any contract for a single year in which a teacher is required to teach more than 185 days. In addition, the court found that appellant's contract required her to provide services as a Chapter One Coordinator after the end of the regular school year. However, the court also found that she was not required to *teach* in excess of the days in a standard school year.[1] This appeal arises from the trial court's grant of summary judgment in favor of appellee.

Under Arkansas Rule of Civil Procedure 56, summary judgment is properly granted only where the pleadings, depositions, and answers to interrogatories, together with the affidavits, show there is there is no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law. *See Dickson v. Delhi Seed Co.*, 26 Ark. App. 83, 760 S.W.2d 382 (1988). Once the moving party makes a *prima facie* showing of entitlement to summary judgment, the party opposing summary judgment must meet proof with proof by demonstrating that a genuine issue of material fact remains unresolved. *See Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). This requires a nonmoving party in its response to set forth specific facts showing there is a genuine issue for trial. *See* Ark. R. Civ. P. 56(e). When reviewing the grant of a motion for summary judgment, we determine whether the evidence presented by the moving party left any material questions of fact unanswered. *See Keller v. Safeco Ins. Co. of America*, 317 Ark. 308, 877 S.W.2d 90 (1994). We view the evidence in the light most favorable to the nonmoving party, and resolve any doubts or inferences against the moving party. *See Pyle v. Robinson*, 313 Ark. 692, 858 S.W.2d 662 (1993).

We note at the outset appellee's argument that appellant's claim is barred by the seventy-five-day statute of limitations under the Arkansas Fair Teacher Dismissal Act ("FTDA"). The argument is without merit because the FTDA, by its express terms, governs termination or nonrenewal of teacher contracts. *See* Ark. Code Ann. §§ 6-17-1506 & 6-17-1510 (Repl. 1999). Appellee would have us continue the Act as applicable to *any* grievance filed by a nonprobationary teacher against the school district. The statute is simply not that broad. Rather, the FTDA provides that an appeal to the circuit court is the exclusive remedy for any nonprobationary

---

[1] The trial judge made no express finding with regard to appellee's waiver argument. However, since the trial judge examined the merits of appellant's argument, we infer that he found she did not waive her cause of action.

teacher *who is terminated or whose contract is not renewed.* Appellee does not and cannot in good faith argue that appellant's contract was not renewed or that she was terminated. Therefore, the statute of limitations under the FTDA does not bar her claim.

### Compensation for Additional Days Worked

The first issue is whether the trial court erred in ruling as a matter of law that appellant's contract did not violate Arkansas Code Annotated section 6-17-807, which governs teachers' compensation for days worked in addition to the regular school year. This statute provides:

> If additional days are added to a teacher's contract or if the teacher is required to work more days than provided for under the teacher's contract, then the teacher's pay under the contract shall be increased proportionately so that the teacher will receive pay for each day added to the contract or each additional day the teacher is required to work at no less than the daily rate paid to the teacher under the teacher's contract.

Appellant argues that the statute mandates that if additional days are added to a teacher's contract, then the teacher is entitled to be paid the same for each extra day worked as she was paid for each day worked during the standard portion of the contract. She asserts that because she works the equivalent of twenty extra days in her capacity as the Chapter One Coordinator, she is entitled to compensation for those extra days based on her daily rate of pay instead of the lower rate specified under her contract. Thus, she asserts that her contract violates the statute because she works additional days beyond the normal school year; the provision in the supplemental salary schedule that calculates her daily rate of pay using a multiplier of .005 times her base salary for each additional day worked past the 185th day compensates her at less than her daily rate of pay. That is, for the first 185 days of her contract, her daily rate is calculated by dividing her base salary by 185. However, using the .005 multiplier, she will be paid less for each additional day worked past the 185th day than she earned during the first 185 days of her contract. Thus, she maintains that she is being paid less than her daily rate, which violates the express terms of section 6-17-807.[2]

---

[2] Appellant's salary increased with each contract. She received a salary of $37,345 for 1997-1998. To demonstrate the application of the two methods of computation, assume a base salary of $30,000. At this base salary level, appellant's daily rate of pay would be $162 per

■ In finding that appellant's contract did not violate section 6-17-807, the trial court stated:

> I am convinced that 6-17-807 is designed to make sure teachers are treated fairly when they are required to do additional work over and above the days they are contracted to work. I think that means the 185 days that the State mandates that they work. I think it means that if they are called upon to teach, to do the job they are contracted for to do, then the school district has to pay them proportionally for that work . . . The school district offered to pay her a certain amount of money for [the Chapter One Coordinator position] and she accepted the offer. I do not think that [section 6-17-]807 has been violated.

There are no cases interpreting this statute. The basic rule of statutory construction is to give effect to the intent of the legislature, and when a statute is clear, it is given its plain meaning; the legislative intent is gathered from the plain meaning of the language used. *See Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995).

■ The emergency clause in section 4 of Act 712 of 1989, which enacted section 6-17-807, states in part, " the school districts are . . . increasing teacher contract days from one school year to the next with no guarantee to the teacher of a daily pro rata increase in pay based on the salary schedule . . . for the next year." Although this statute was passed in response to the school districts' practice of adding days to the teacher's contracts from one year to the next without a proportional increase in pay, the statute does not restrict its requirement to pay teachers according to their daily rate only if additional days added to a teacher's contract *from one school year to the next*. Nor does the statute confine itself to the act of teaching as apparently contemplated by the trial court. That is, the purpose of the statute may be fairly construed to ensure that teachers are fairly compensated for additional days worked beyond the standard school year. Work, whether teaching or something else, is to be compensated at the same daily rate whether performed within the standard school year or beyond it.

■■ Therefore, we hold that the trial court erred as a matter of law when it held that appellant's contract did not violate section

---

day (30,000/185). However, if the multiplier as provided in the contract were used, she would only receive $150 per day for each day past the 185th day (30,000 x .005), for a difference in pay of $12 per day.

6-17-807. Appellant's contract was first extended from 185 days to 205 days in 1985 or 1986. However, she sues only for the years 1994—present. Clearly, then, this is not a case whereby the school board increased the number of working days from one contract to the next, nor is appellant required to work more days than is required under her contract. However, the statute applies because the contracts plainly obligate appellant to work additional days beyond the standard school year and paid less than her daily rate of pay for those additional days. We also hold that the school's supplemental salary schedule, which is incorporated into appellant's contract and which compensates appellant for extra days at a rate less than her daily rate of pay, violates section 6-17-807. See *Helena-West Helena School Dist. # 2 v. Randall*, 32 Ark. App. 50, 796 S.W.2d 586 (1990) (affirming bench finding that coaches' 203-day contract requiring them to report to work before the school year started was an extended-term contract requiring a daily rate of pay in addition to compensation under supplemental salary schedule, where extended-term contract provision provided for extra compensation at their daily rate of pay).[3]

We also hold that summary judgment in favor of appellee was inappropriate because there remains a question of fact as to whether or how many days appellant actually worked past the 185th day of the school year for each year in which she brings suit. She testified in her deposition that her position as Chapter One Coordinator requires her to work until 4:30 or 5:00 p.m. every day while school is in session, whereas other teachers stay only until 3:20 or 3:25 p.m. Appellant further testified that "at" and "pretty much" after the end of the school year, she writes a Chapter One annual needs report. She also testified that she collects information for the report

---

[3] Appellee cites two opinions by the Attorney General for support. However, these opinions do not govern in this case. In the first opinion, the Attorney General opined that salaries for supplemental summer instruction or optional summer school programs are to be negotiated rather than to be computed in accordance with section 6-17-807. See Op. Att'y Gen. # 90-39 (1990). The Attorney General found that the term "teacher's contract" was ambiguous, and examined the emergency clause as noted above to conclude that the legislature intended the statute to apply *only* to contracts implemented during the regular school year. See *id.* We disagree that the statute is so limited in its application. Appellee also cites an opinion in which the Attorney General stated that where additional days are added to a teacher's contract from one year to the next, but the hours per day are shortened so that the number of hours worked remains the same, the school district is nonetheless required to increase the teacher's pay proportionately based on the teacher's daily rate of pay, and not on an per-hour basis. See Op. Att'y Gen. # 96-179 (1996). Rather than strengthen appellee's argument, this opinion simply offers support for the conclusion that teacher's are to compensated under Arkansas law on a daily basis, rather than an hourly basis.

during the year, but cannot complete the report until after the end of the school year.

The trial court determined that under this statute, a teacher is entitled to be paid for days worked in excess of the days required to be worked by the "state board's regulation for accreditation." Currently, the standard school year consists of 185 days, and appellee's salary schedule defined an extended contract as a contract exceeding 185 days. The trial court found that appellant was not required to teach beyond the number of days established by the state board's regulation; that is, that the trial court initially found that she performed her duties throughout the entire year, but is not required to stay past the 185th day. However, in response to appellant's counsel's statement that he believed the court was assuming that appellant performed all of the Chapter One work during the extra twenty days, the trial judge stated:

> No. I think she does it throughout the whole year. But I think that when school is over on whatever date it is over, she closes and leaves with all the other teachers. *That is what I think happens, but I don't know.* But I think she puts in twenty extra days of work over and above what the other teachers put in who are just teaching from 8:30 until 3:30.

(Emphasis added.)

Appellant's testimony that she worked longer hours during the school year and completed the report at the end of the school year appears uncontradicted. The fact that appellant works *longer hours* during the year than other teachers is not dispositive with regard to whether she is entitled to compensation for working *extra days.* What is critical is that appellee, as movant, did not present evidence to refute her testimony that she worked *extra days* after the regular school year ended. On the other hand, appellant's testimony did not establish that she actually worked the *entire* twenty additional days under each of her contracts.

However, in viewing this evidence in favor of appellant, as the nonmoving party, we hold that her testimony leaves an unresolved issue of fact as to whether she actually worked the entire extra twenty days under each of her contracts. Therefore, we reverse and remand for trial to determine what compensation, if any, appellant is entitled, based upon her daily rate of pay as defined under section 6-17-807 instead of the daily rate of pay as specified under her teaching contract.

## Compensation for Extra Duties

We further hold that the trial court erred in finding that appellee's supplemental salary schedule complies with Arkansas law. The applicable statute provides that "A school district shall adopt, in accordance with this subchapter, a supplement to the salary schedule for those certified staff employed longer than the period covered by the salary schedule and for duties in addition to certified employees' regular teachers assignments." Ark. Code Ann. § 6-17-204(c)(2). Appellant argues that appellee violated this statute because its supplemental salary schedule does not provide special remuneration for all of the additional duties performed by certified personnel, and specifically does not include special remuneration for the Chapter One Coordinator position.

The salary schedule defines the base salary for a teacher with a Masters or Specialist Degree and states that the schedule is based on a 185-day contract year. The schedule further states that extended contracts will "result in an increase of .005 per day for each day beyond" 185 days. The schedule specifically lists the compensation rates for the following positions: superintendent, high school principal, elementary principal, head coach, counselor, band director, assistant coach, athletic director, annual sponsor, Gifted and Talented coordinator, cheerleader sponsor, specialist degree, sound system, quiz bowl, dean of students, and assistant band director.

The trial court found appellee did not violate this statute by failing to include the Chapter One Coordinator position because that position is an administrative position that does not require certified personnel. The court seemed to interpret this statute to require the school district to list on its supplemental salary schedule only those positions that must be filled by certified personnel. However, some of the other duties on the list, such as cheerleader sponsor and sound system operator, can be performed by noncertified personnel. Moreover, the statute, by its plain terms, requires remuneration for *certified staff* who work 1) longer than the time frame covered by the salary schedule or 2) who perform duties *in addition to* their assignments as certified teachers.

The statute does not require that certified staff work in positions requiring certified personnel in order to receive remuneration under the supplemental salary schedule for extra work performed. The trial court seemed to find the job classification was dispositive, rather than the certified status of the person holding the additional position or performing the additional duties. However, a

plain reading of this statute compels us to conclude that it guarantees remuneration to *certified personnel* for those job duties performed *in addition to* their duties as a certified teacher, regardless whether those duties are required to be performed by certified personnel. It is not disputed that appellant is a certified employee and that her duties as Chapter One Coordinator are performed in addition to her regular teaching assignments.

■ Therefore, we hold that the trial court erred as a matter of law when it ruled that the school district's salary schedule complied with the requirements of section 6-17-204. The statute does not authorize the school district to select which positions it lists on the salary schedule based on whether the additional position or duties require certified personnel. By its plain terms, the statute requires the school district to adopt a salary schedule for those certified personnel who work more than 185 days *or* who perform duties in addition to their certified teaching assignments.

■ The statute is written in the disjunctive, but appellant's contractual duties satisfy both criteria: she is required to work for longer than 185 days *and* to perform duties in addition to her certified teaching assignments. Furthermore, we have previously held that the provisions for payment for additional days and for extra duties are not mutually exclusive. That is, a teacher may receive compensation under both provisions. *See Helena-West Helena School Dist. # 2, supra.* Moreover, unlike the issue of whether appellant actually worked the extra twenty days under each contract, there is no dispute that appellant performed the extra duties required by the Chapter One Coordinator position. Therefore, appellant on remand will not be required to prove that she performed the extra duties under the supplemental salary schedule.[4]

Reversed and remanded.

ROBBINS and NEAL, JJ., agree.

---

[4] We recognize that our remand presents to the trial court the issue of the extent to which appellant will be compensated for performing these extra duties, since the school district has not provided for compensation for this position under the supplemental salary schedule.