The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representative Hathorn:
I am writing in response to your request for my opinion on the following questions:
 1. May a superintendent add a duty, and additional pay thereon, to supplement to the salary schedule (as required by A.C.A. § 6-17-201) and a certified employee's contract, without the added duty having been submitted to the School District's Personnel Policies Committee for consideration and/or to the School Board for approval?
 2. If the answer to question 1 is no, may a School Board retroactively approve the added duty without first being submitted to the School District's Personnel Policy Committee for consideration?
 3. If a duty, and additional pay thereon, is added to a School District's supplement to the salary schedule and an employee's contract without proper approval would the employee, a certified staff member, who received the additional pay on this unapproved duty be required to reimburse those funds to the School District?
 4. If the answer to question 3 is no and a School District wishes to discontinue a supplemental duty, may a School District reduce that employee's salary by the amount he was receiving for those duties since he will no longer be performing them?
 5. Would the answer to question 4 be different if the supplemental duty had been properly approved?
 6. How would one determine if an additional duty had been added to the supplement to the salary schedule? For example, if the only listed duties for class sponsors are as follows:
A. Class sponsor 12th grade
B. Class sponsor 11th grade
 Would the addition of Class sponsor 10th grade be considered to be an additional duty added to the supplement to the salary schedule?
 7. If the answer to question 1 is no, since contracts are signed by members of the School Board, would their signature signify approval by the board?
RESPONSE
In my opinion, the answer to your first question is "no." The power to add a duty to the supplemental salary schedule resides exclusively in the school board in consultation with the personnel policies committee. A.C.A. §§ 6-17-204 and -205. I believe the answer to your second question is likewise "no." Adding a duty implicates personnel policy, which the school board may fashion only in consultation with the personnel policies committee. I believe the answer to your third question is also "no." Case law establishes that teachers are entitled to additional payment for performing supplemental duties regardless of whether those duties have been properly approved. With respect to your fourth question, if the supplemental duty is not a provision of a valid contract with a specified term, I believe the school district may immediately stop the supplemental payment and direct the teacher to stop performing the duty. Conversely, with respect to your fifth question, if the performance and payment provisions are properly approved and hence part of a contract, I believe the district is contractually bound for the term of the contract. With respect to your sixth question, by statute, an "additional duty" is one defined by the school board in consultation with the personnel policies committee. I believe adding a "class sponsor 10th grade" would clearly qualify as an "additional duty." With respect to your final question, I do not believe a school board may contract with a teacher to perform an additional duty if the board has not first designated that duty on the supplemental salary schedule after consulting with the personnel policies committee. Notwithstanding this conclusion, I believe a teacher is entitled to payment for any supplemental duties performed.
Question 1: May a superintendent add a duty, and additional pay thereon,to supplement to the salary schedule (as required by A.C.A. § 6-17-201)and a certified employee's contract, without the added duty having beensubmitted to the School District's Personnel Policies Committee forconsideration and/or to the School Board for approval?
In my opinion, the answer to this question is "no."
Section 6-17-201(a) of the Arkansas Code (Repl. 1999) provides:" Each school district in the state shall have a set of written personnel policies, including the teacher salary schedule." Section 6-17-203 of the Code (Repl. 1999) provides that each school district will have a committee on personnel policies comprised primarily of classroom teachers. Section 6-17-205 of the Code (Repl. 1999) further provides in pertinent part:
* * *
 (b)(1) Either the committee or the board of directors may propose new personnel policies or amendments to existing policies if the proposals by the board have been submitted to the committee at least ten (10) working days prior to presentation to the board.
 (2) The superintendent may recommend any changes in personnel policies to the board of directors or to the personnel policies committee. The recommendations shall become proposals if adopted by either the board or the committee.
 (c) The chair of the committee or a committee member designated by the chair will have the opportunity to orally present the committee's proposed policies or amendments to existing policies to the board of directors.
 (d) After presentation to the board, the board shall take action no later than its next regular board meeting.
 (e) The board of directors shall have the authority to adopt, reject, or refer back to the committee on personnel policies for further study and revision any proposed policies or amendments to existing policies that are submitted to the board for consideration.
Finally, A.C.A. § 6-17-204 (Supp. 2001) provides in pertinent part:
 (a) The personnel policies of all school districts shall be considered to be incorporated as terms of the certified personnel contracts and shall be binding upon the certified personnel and the district.
 (b)(1) Any changes or additions to the personnel policies shall not be considered a part of certified personnel contracts until the next fiscal year.
 (2)(A) Any changes or additions to the personnel policies may take effect before the next fiscal year only if the changes or additions are approved by a majority of the certified personnel employed by the district voting by secret ballot.
 (B) The voting and counting shall be conducted by the personnel policy committee.
 (3) All changes or additions to the personnel policies or new personnel policies shall be made in accordance with this subchapter.
* * *
 (c)(2) A school district shall adopt, in accordance with this subchapter, a supplement to the salary schedule for those certified staff employed longer than the period covered by the salary schedule and for duties in addition to certified employees' regular teaching assignments.
In the attached Ark. Op. Att'y Gen. No. 91-369, my immediate predecessor addressed as follows the role a school superintendent might play in the process of adjusting the salary schedule to reflect additional duties:
Your ninth question is:
 (9) Can the superintendent of a school district propose a salary schedule to the board of directors and the board of directors then adopt that salary schedule without the board first having submitted it to the personnel policies committee?
 In my opinion, the answer to this question is "no." The only entities authorized to present proposed personnel policies, including teacher salary schedules, to the board of directors is [sic] the personnel policies committee and the board of directors itself. See A.C.A. § 6-17-205(c) (Cum. Supp. 1991). While the superintendent presumably could propose a salary schedule to the board, and the board could adopt the proposal as its own, § 6-17-205(c) would require the board to first submit the proposal to the personnel policies committee at least five working days prior to its presentation to the board.
The referenced A.C.A. § 6-17-205 has been amended since my predecessor offered his analysis. Specifically, Act 1187 of 1993 changed from five days to ten the period during which a personnel policies committee must be allowed to review a proposed new personnel policy or a proposal to change existing policy before the board of directors may vote to adopt or reject the proposal. Act 1187 further added A.C.A. § 6-17-205(b)(2), which provides:
 The superintendent may recommend any changes in personnel policies to the board of directors or to the personnel policies committee. The recommendations shall become proposals if adopted by either the board or the committee.
Subsection 6-17-205(e) makes clear that regardless of where a proposal originates, only the board of directors has authority "to adopt, reject, or refer back to the committee on personnel policies for further study and revision any proposed policies or amendments to existing policies."
In my opinion, under the foregoing statutory scheme, a school superintendent plays an exclusively advisory role in the setting of personnel policy, including the determination of the salary schedule. Section 6-17-205 of the Code clearly and exclusively assigns to the board of directors the authority to set personnel policy, subject only to the qualification that a personnel policies committee must be afforded an opportunity to review a proposal for at least ten days before the board of directors' vote on the proposal. Moreover, A.C.A. § 6-13-620(4)(A) (Supp. 2001) locates exclusively in the board of directors the power to "make written contracts with teachers and all other employees in the form prescribed by the State Board of Education." These statutes are inconsistent with any suggestion that a school superintendent is authorized independently to fashion personnel policies, including adjustments to salary schedules of the sort referenced in your request.
Finally, notwithstanding my previously stated opinions, I do not believe A.C.A. § 6-17-204 dictates that a personnel policies committee be afforded an opportunity to consider every instance in which a school board contemplates modifying a teacher's contract to provide additional pay for additional work. Assuming the committee has previously had the opportunity to consider additional payment for the category of work subsequently included in the supplemental schedule, I believe the board may independently and without consultation negotiate with a particular individual for the performance of that work. However, only the board, not the superintendent, may finally approve this contract modification.
Question 2: If the answer to question 1 is no, may a School Boardretroactively approve the added duty without first being submitted to theSchool District's Personnel Policy Committee for consideration?
In my opinion, the answer to this question is also "no." If the committee has not been allowed to consider including the duty in the supplemental schedule, I believe it must be allowed to do so as a condition of the school board's ratifying a contract impermissibly entered into by the superintendent.
As noted above, A.C.A. § 6-17-205(b)(1) provides that any policy proposal that originates with the board must be submitted for consideration to the school district's personnel policy committee at least ten days before the board acts. Moreover, if the proposal emanates from the committee, A.C.A. § 6-17-205(c) dictates that the committee chairman or his designee be afforded the opportunity" to orally present the committee's proposed policies or amendments to existing policies to the board of directors." Given that any board ratification of an improperly adopted policy would in itself constitute a change of policy, I believe that the proposed ratification would need to be submitted to the committee for consideration in accordance with A.C.A. § 6-17-205(b)(1).
However, as noted in my response to your first question, if the board after consultation with the committee has included in the supplemental schedule a duty that the superintendent has subsequently assigned to a particular teacher, I believe the board could ratify the superintendent's improper modification of the teacher's contract without again consulting with the committee. This conclusion follows from the fact that although the board is statutorily obligated to consult with the committee in setting personnel policy, it is under no such obligation in contracting to effect that policy.
Question 3: If a duty, and additional pay thereon, is added to a SchoolDistrict's supplement to the salary schedule and an employee's contractwithout proper approval would the employee, a certified staff member, whoreceived the additional pay on this unapproved duty be required toreimburse those funds to the School District?
In my opinion, the answer to this question is "no."
As an initial matter, I must address your use of the term "approval." As reflected in my previous responses, the Code contains no requirement that the personnel policies committee "approve" a proposal to provide additional pay for additional work. Subsections 6-17-205(b)(1) and -205(c) of the Code merely provide that the committee within ten days of board action be informed of and afforded an opportunity to address any given personnel policy proposal. For purposes of my response, then, I will assume that the "approval" at issue is that of the board, which is the only entity authorized by statute to approve modification of a teacher's contract.
In Bond v. Lavaca School District, 73 Ark. App. 5 (2001), the appellant contended that her assignment by the administration pursuant to her contract to serve as "Chapter One Lab Coordinator" entailed additional duties for which she was entitled to additional compensation. Id. at 8. In particular, she alleged that the school had violated A.C.A. §6-17-204(c)(2) in that the supplemental salary schedule had not listed her Chapter One assignment among "duties in addition to certified employees' regular teaching assignments." Id. at 8-9, 15. The court reversed the trial court's decision in favor of the school district, holding that a district is absolutely obligated to include additional duties on the supplementary salary schedule and to compensate teachers accordingly. Id. at 15-16.
What I find significant in Bond is that the court showed no concern for procedural niceties regarding how, or even if, a particular assignment found its way into either a particular contract or a supplemental salary schedule. The court simply concluded that if a certified teacher were assigned duties in addition to her normal teaching load, A.C.A. §6-17-204(c)(2) dictated paying her extra. In light of this decision, I do not believe a teacher would be obliged to reimburse a school district for additional pay received for performing supplemental duties even if the performance of those duties were not properly authorized.
Question 4: If the answer to question 3 is no and a School Districtwishes to discontinue a supplemental duty, may a School District reducethat employee's salary by the amount he was receiving for those dutiessince he will no longer be performing them?
In my opinion, the answer to this question is "yes."
Under the assumptions set forth in question 3, the supplemental duty cannot be considered a part of the teacher's contract because it was not properly approved by the board, which by statute is the only entity authorized to enter into teacher employment contracts on behalf of the district. In my opinion, this conclusion applies notwithstanding the fact that the teacher is entitled to compensation for work already performed for the reasons discussed in my response to question 3. Accordingly, I believe the district could immediately discontinue paying any supplemental salary and direct the teacher to stop performing the additional duty.
Question 5: Would the answer to question 4 be different if thesupplemental duty had been properly approved?
In my opinion, the answer to this question is "yes."
If the supplemental duty were properly approved and included in the teacher's contract, it would constitute a condition of the teacher's employment contract and continue in effect until the contract expired. I believe a teacher contractually obligated to perform a supplemental duty for a stated term is likewise contractually entitled to additional payment throughout that term. With respect to the standard length of that term, A.C.A. §§ 6-17-807(b) and 807(c) (Supp. 2001) dictate that each district "establish a normal base contract period for teachers" comprising "the number of days the majority of teachers employed by the district in the 2000-2001 school year are required to work." The contract of a nonprobationary teacher is subject to annual automatic renewal unless the superintendent informs the teacher otherwise. A.C.A. §6-17-1506(a).
Question 6: How would one determine if an additional duty had been addedto the supplement to the salary schedule? For example, if the only listedduties for class sponsors are as follows:
 A. Class sponsor 12th grade
 B. Class sponsor 11th grade
Would the addition of Class sponsor 10th grade be considered to be anadditional duty added to the supplement to the salary schedule?
As reflected in my responses to your previous questions, an "additional duty . . . added to the supplement to the salary schedule" is necessarily one identified as such by the approving school board. A.C.A. § 6-17-205. With respect to your specific example, I believe acting as a 10th grade sponsor clearly qualifies as an "additional duty" under the statute. As such, I believe the statute dictates adding it to the supplement by board action following consultation with the personnel policies committee. However, as reflected in my response to question 3, I believe the 10th
grade sponsor would be entitled to supplemental pay for this duty even if it were omitted from the supplement to the salary schedule. See Bond,supra.
Question 7: If the answer to question 1 is no, since contracts are signedby members of the School Board, would their signature signify approval bythe board?
As I interpret this question, you are asking whether the board may contract to pay a teacher additional salary for performing an additional duty that the board has never approved for inclusion on the supplement to the salary schedule. In my opinion, any such contract would directly contravene the requirement that the personnel policies committee be consulted regarding the designation of any duty as warranting supplemental compensation. A.C.A. §§ 6-17-204 and -205. However, as reflected in my response to question 3, regardless of whether the district has observed the proper statutory and contractual formalities, I believe a teacher is entitled to compensation for any supplemental duties she has performed. See Bond, supra.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure