Fennell and Reeves *v*. School District No. 13.

4-7620—4-7621                    187 S. W. 2d 187

Opinion delivered April 30, 1945.

*Marvin B. Norfleet,* for appellant.

*J. L. Shaver,* for appellee.

McHANEY, J. Separate suits were brought by appellants who are school teachers in appellee district against appellees who are the school district and its directors, the county superintendent of schools in Cross county and the First National Bank of Wynne, to collect from the district certain sums alleged to be due them as teachers for the school years 1941-42 and 1942-43, under the provisions of Act 319 of 1941. The cases were consolidated for trial which resulted in a decree dismissing each complaint for want of equity and in dissolving the orders theretofore made impounding certain funds of the district on deposit in said First National Bank of Wynne.

These appeals are from those decrees and the cases have been consolidated here and briefed together. Appellee district operates two grade schools, one at Fair Oaks, where L. D. Ball and appellant Bernice Fennell are the teachers, and one at Center School, where J. W. Rea and appellant Agnes Reeves are the teachers. High school pupils of this district are sent to Wynne to school at the district's expense. The men teachers in appellee district did not join appellants in this action.

In 1941-42, the monthly salary fixed in the respective contracts of appellants with the district was $75 for eight months or a total of $600 for each of them and this amount was paid to each of them. In 1942-43, the monthly salary paid was $85 for each for 8 months or $680 each. Under § 3 of Act 319 of 1941, it was the duty of the district and its board of directors "to spend not less than the same percentage of the base revenue, or any part thereof available, for teachers' salaries which was spent therefor during the base year," beginning July 1, 1941, and each year

thereafter. In addition, said section further provides that "not less than seventy-five per cent. (75%) of all revenue receipts, over and above the base revenue, accruing to each school district in each fiscal year after June 30, 1941, shall be used in that year for the payment of teachers' salaries . . ."

In *Fowlkes* v. *Wilson*, 205 Ark. 895, 171 S. W. 2d 958, in addition to sustaining the constitutionality of said Act 319, we said: "It appears to us to be quite definite and certain that the Legislature meant to require school districts to spend more of their revenue on teachers' salaries, at least they must pay teachers not less than the same percentage of the base revenue which was spent therefor during the base year, and in addition, in case of an increase of revenue in any fiscal year over the base year, they must pay teachers 75 per cent. of such increase."

In appellee district, the facts regarding the revenue are not in dispute, but are stipulated. The percentage of revenue receipts spent on teachers' salaries in the base year, 1939-40, was 49 per cent. The figures are as follows for the 1941-42 school year:

| | | |
|---|---|---:|
| Total revenue receipts base year | | $4,649 |
| Net revenue receipts, 1941-42 | | 8,144 |
| Increase in 1941-42 over base year | | 3,495 |
| Base amount to teachers' salaries | $2,300 | |
| 75% of $3,495, earmarked for salaries | 2,621 | |
| Total amount earmarked for salaries | | 4,921 |
| Amount paid teachers, including appellants | | 2,560 |
| Amount due teachers, four of them | | $2,361 |

The figures for 1942-43 school year show in the same way an amount due the teachers for that year the sum of $848, or a total of $3,209 for the two years.

It will be noticed that the total revenue of the district for the base year was $4,649, whereas the total revenue for the year 1941-42 was $8,630, from which was deducted $486 increase in amount set aside for debt service over the base year, leaving the net amount shown above of $8,144.

This substantial increase in school revenue in 1941-42 is largely accounted for by the fact that the Missouri Pacific Railroad Company failed to pay its taxes in 1939, but did pay them in the 1941-42 school year in the sum of $1,298.08 delinquent tax accruing to the district which should have been paid in 1939. This fact gives occasion for certain defenses to the actions by appellee. One is that the State Board of Education, on June 23, 1941, promulgated certain rules regarding the administration of said Act 319, the material parts of which are as follows: "Local Boards may be given approval by the Commissioner of Education to Budget for teachers' salaries less money than the total amount earmarked for that purpose in districts where one or more of the following conditions exist:—Where a district has an abnormal increase in revenue over the base year." Acting pursuant to this rule and on the theory that appellee district had "an abnormal increase in revenue over the base year," the State Budget Director, Mr. Pyle, for the Commissioner of Education, authorized the district to spend $2,560 for teachers' salaries in 1941-42, when there was earmarked for teachers' salaries in said year the sum of $4,921, which left a balance due the teachers for said year the sum of $2,361. Appellees attempt to justify this action on the ground that it was a contemporaneous administrative construction of said Act 319, under the power given the State Board of Education in § 14 thereof, which should be highly persuasive with, if not binding on, the courts. Section 14 does authorize the State Board "to make such reasonable rules and regulations, not inconsistent with the provisions of this act, as it shall find necessary to accomplish the purpose of this act." We think the rule above quoted is "inconsistent with the provisions of this act," particularly with the amount that "shall" be paid to teachers as set out in § 3, heretofore quoted. There are no exceptions noted in said act, such as is here invoked, an abnormal increase in revenue over the base year, and the language in said section is mandatory in that 75 per cent. of the increase "shall be used in that year for the payment of teachers' salaries." Said rule being "incon-

sistent" with the act must be held to be ineffective to deprive appellants of their share of said increase.

Another defense is that the delinquent taxes collected from said railroad company in 1941 should not be regarded as revenue of that year, but should be held to be revenue of the 1939-40 school or base year. We do not now determine whether that would materially affect the amount payable to teachers in subsequent years. Such contention, however, is not tenable, for we have already held that delinquent taxes collected in subsequent years should be deemed and held to be revenues for the year in which they are collected. *Skinner & Kennedy Stationery Co.* v. *Crawford County,* 190 Ark. 883, 82 S. W. 2d 22.

Another argument made by appellees to affirm the decree is that the acceptance by appellants of the sum of $85 per month for teaching during the year 1942-43 amounts to an accord and satisfaction and estops them from asserting a claim for additional compensation under said Act 319 for said year. In the first place, we do not think the evidence justifies the assumption that appellants accepted their $85 warrants in full pay of the amount due them. In the second place, the sum due each of them, in addition to the $85 per month paid them, did not arise by virtue of a contract, but by operation of law— by § 3 of Act 319 of 1941, already quoted. In *Fowlkes* v. *Wilson, supra,* with reference to a similar contention, we said: "It will be noticed that this section specifically applies to the school year beginning July 1, 1941, and each year thereafter. It will also be noticed that no district shall be required to spend more than 65 per cent. of its base revenue on teachers' salaries, but is required to spend for said purpose, 'not less than seventy-five per cent. of all revenue receipts, over and above the base revenue, accruing to each school district in each fiscal year after June 30, 1941,' except that millage which has been set aside to pay bonded indebtedness.''

In other words, those provisions of said act will be read into any contract made by the school board with teachers, and there is no way to apply the principles of accord and satisfaction or estoppel in such cases.

Another argument is that the cash on hand at the end of the base year and of each subsequent school year should not have been included as a part of the revenue receipts of the district. The answer to this contention is that the Legislature has decreed otherwise by § 2 (1) of Act 194 of 1939 and inferentially by § 2 (d) of Act 319 of 1941. Several important changes in Act 319 of 1941 have been made by the amendatory Act 136 of 1943, but this latter act is prospective in its operation.

We are, therefore, of the opinion that the decree of the learned trial court should be reversed and the cause remanded with directions to apportion to appellants their share of the remaining funds of said district earmarked for teachers' salaries based on the percentage method as figured by Mr. W. V. Armstrong, witness for appellants, and to enter a decree not inconsistent with this opinion. Costs will be adjudged against the district.