## Deborah MARVEL *v.* COAL HILL PUBLIC SCHOOL DISTRICT

82-6                                                  635 S.W.2d 245

### Supreme Court of Arkansas
### Opinion delivered June 21, 1982

*Cearley, Gitchel, Mitchell & Roachell,* by: *Richard W. Roachell,* for appellant.

*Josef V. Hobson,* for appellee.

DARRELL HICKMAN, Justice. The question in this case is whether a full-time school teacher can be denied the minimum salary due to teachers because of a written contract for a lesser amount. The trial court found such a contract enforceable. We disagree and reverse.

Deborah Marvel had been a part-time librarian and teacher for the Coal Hill Public School District when her contract was negotiated for the 1979-1980 school year. She said that Mr. Nolan Williams, the superintendent of schools, told her she would serve as part-time librarian and part-time

teacher but would receive the same salary that full-time teachers did. (She had been paid in the past as an aide, but was now to be paid as a teacher.) Williams refuted that. But the contract only provided for a salary of $9,800.00 and the minimum a full-time teacher with her experience would receive is $11,450.00. She accepted the position and signed the contract but chose to sue for the difference, which was $1,650.00, plus interest.

The parties disagreed as to whether Miss Marvel signed the contract under protest but that is irrelevant. It is not disputed that she was a "teacher" within the meaning of Ark. Stat. Ann. § 80-1326 (Repl. 1980), and performed all the duties of a full-time teacher. She performed the ancillary duties of all teachers such as hall monitor, attending ball games and faculty meetings. She kept grade, class planning and attendance records. In order to qualify as full-time, she was required to work six periods a day. She acted as a teacher five periods a day and as a librarian two periods. It is also undisputed that the school district filed with the State Department of Education a salary schedule, as required by Ark. Stat. Ann. §§ 80-1324 and 80-850.7 (Repl. 1980), and that her salary as a full-time teacher would have been $11,450.00.

The superintendent said the reason Miss Marvel was not paid the minimum salary is because the part of her salary for teaching remedial reading was Title I money (federal money) and the grant did not allow her to be paid more.

The trial court held that the contract did not violate Arkansas law which requires that school districts promulgate minimum salary schedules, citing Ark. Stat. Ann. §§ 80-1325, et seq. (The Teachers' Minimum Salary Law), and 80-850.1, et seq. (The School Finance Act of 1979), and Fennell v. School Dist. No. 13, 208 Ark. 620, 187 S.W.2d 187 (1945). The court found that since she was paid fairly for librarian duties from general funds that the district complied with the law, and found further that Miss Marvel knowingly and freely entered into a binding agreement.

The trial court was wrong in its interpretation of the

law. Miss Marvel was a full-time teacher and the district could not receive her services and refuse to pay her the minimum salary it paid other full-time teachers. Title I provisions cannot be used to avoid Ark. Stat. Ann. §§ 80-1327 and 80-850.7, which require each school district to set a schedule of minimum salaries and abide by it.

If the district's position were to prevail, then no teacher could be sure of equal treatment when he or she was hired or retained — at least to the extent that a minimum salary would apply to all hired for full-time duties. The school district received the benefit of the services of a full-time teacher and it should not be allowed to manipulate the law to avoid its legal responsibility.

The judgment is reversed and the cause remanded for the court to enter judgment for the appellant.

Reversed and remanded.