Cite as 2017 Ark. App. 184


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-845

| | |
|---|---|
| KIM HALL | **Opinion Delivered:** March 29, 2017 |
| APPELLANT | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CV-14-5] |
| V. | |
| PRESCOTT SCHOOL DISTRICT | HONORABLE DUNCAN CULPEPPER, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

Appellant Kim Hall appeals the order of the Nevada County Circuit Court awarding summary judgment to the Prescott School District (the District). The core of this case is whether teaching prekindergarten (pre-K) qualifies as performing the duties of a full-time teacher under Arkansas Code Annotated section 6-17-2403(c)(3)(A) (Repl. 2015). We hold that the circuit court incorrectly awarded summary judgment because, in answering the question of what constitutes a full-time teacher, the circuit court improperly made a factual finding regarding the material fact that is in dispute in this case. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

On July 28, 2011, Hall entered into a teacher's contract with the District to be employed as an elementary school teacher for the 2011–2012 school year. When she signed the contract, the superintendent of the District gave her credit for seven years of teaching

experience beginning in 1998 but declined to give her credit for six years of teaching experience from 2005 through 2011.[1] Her contract with the District was renewed May 16, 2012 for the 2012–2013 school year. On February 5, 2014, Hall filed her complaint against the District in the Nevada County Circuit Court alleging that the District had failed to pay her based on her years of teaching experience in accordance with the minimum-salary schedule, as required by Arkansas Code Annotated section 6-17-2403. The District filed a timely answer to the complaint on March 3, 2014.

On January 15, 2016, Hall filed her motion for summary judgment and brief in support thereof. Attached to her motion was her affidavit, which delineated her work history from 1998 through 2011. Hall asserted that at the beginning of the 2011–2012 school year, she had thirteen years of experience, which included her time both as an elementary school teacher and as a pre-K teacher. Hall argued in her motion that she was underpaid $2,700 for the 2011–2012 school year and $2,700 for the 2012–2013 school year.

The District filed a response to Hall's motion for summary judgment and a countermotion for summary judgment on February 1, 2016. Attached was the affidavit of Robert Poole, the superintendent of the District. Poole's affidavit provided that, under District personnel policies and practices, the District does not credit teachers with years of experience when they are teaching at a pre-K program because such teachers do not perform the full-time duties of a teacher as required by Arkansas law. Hall was given credit on the salary schedule for seven years of elementary teaching experience from 1998 through 2005,

---

[1]The District did not consider Hall's experience in a pre-K program as "performing the full-time duties of a teacher" in determining not to credit these six years toward her salary.

but was not given credit for an additional six years of teaching experience in pre-K programs from 2005 through 2011. Poole stated that Hall had specific knowledge of the District's policy and practice when she signed her employment contract with the District.

Hall responded to the District's countermotion for summary judgment on February 22, 2016, and attached her affidavit in which she stated that at the time she entered into her contract with the District, she had no knowledge that the District had a policy or practice that did not give certified personnel credit for years of teaching experience in a pre-K program and that she had no agreement with the District that she would not be paid in accordance with the salary schedule. Hall asserted that her six years of experience in a pre-K program was "unquestionably" performing the full-time duties of a teacher for a full school year with a valid Arkansas teaching license.

On May 5, 2016, the circuit court held a hearing on the parties' competing motions for summary judgment. The court found, as a matter of law, that years of teaching experience in a pre-K program do not count toward performing full-time duties of a teacher for a full school year with a valid Arkansas teaching license within the meaning of Arkansas Code Annotated section 6-17-2403(c)(3)(A).

Arkansas Code Annotated section 6-17-2403 provides the following:

(c)(1) For purposes of the salary schedules described in this section, the teacher's experience is his or her total years' experience as a teacher with a valid Arkansas teaching license and teaching at any:
(A) Public school accredited by the Department of Education or a nationally recognized accrediting association;
(B) Private school within the State of Arkansas accredited by a nationally recognized accrediting association;
(C) Institution of higher education within the State of Arkansas accredited by a nationally recognized higher education institution accrediting association; or

(D) Any facility operated by the Division of Youth Services or any facility contracting with the division to provide care for juveniles committed to the division.

(2) A teacher's years of experience shall be based upon:

(A) The years in the school district in which the teacher is employed when the salary schedule in this section is considered; and

(B) The teacher's years of experience with a valid Arkansas teaching license at an institution in subdivision (c)(1) of this section.

(3) For purposes of this section, "years of service" means:

*(A) Performing the full-time duties of a teacher for a full school year with a valid Arkansas teaching license;*

(B) Years of employment with an Arkansas public school in a full-time position that requires that the teacher have an Arkansas teaching license; or

(C) Years of employment in an educational capacity with an institution in subdivision (c)(1)(C) of this section with a valid Arkansas teaching license.

(Emphasis added.)

The circuit court's order granting the District's motion for summary judgment was filed on May 31, 2016, and this timely appeal is now before our court.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Harrisburg Sch. Dist. No. 6 v. Neal*, 2011 Ark. 233, 381 S.W.3d 811; *Bishop v. Farm Bureau Mut. Ins. Co. of Ark., Inc.*, 2016 Ark. App. 168, 486 S.W.3d 211. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Bishop, supra*. In reviewing a grant of summary judgment on appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a genuine issue of material fact unanswered. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

Even when parties file cross-motions for summary judgment, the proceeding is not converted into a bench trial; rather, the circuit court's ruling must still be one of law. *Po-Boy Land Co. v. Mullins*, 2011 Ark. App. 381, at 7–8, 384 S.W.3d 555, 560. If material issues of fact remain to be decided, the circuit court may deny cross-motions for summary judgment. *Acuff v. Bumgarner*, 2009 Ark. App. 854, 371 S.W.3d 709. If it is impossible to determine on appeal that either party is entitled to judgment as a matter of law, summary judgment should be reversed, even if the parties have filed cross-motions for summary judgment. *Deltic Timber Corp. v. Newland*, 2010 Ark. App. 276, 374 S.W.3d 261.

In the present case, the circuit court erred in awarding summary judgment because it made a factual finding. Specifically, it found that teaching in a pre-K program does not count toward performing the full-time duties of a teacher for a full school year with a valid Arkansas teaching license within the meaning of Arkansas Code Annotated section 6-17-2403(c)(3)(A). Hall's argument is that it does, while the District contends that it does not.

The parties couch their arguments in terms of statutory interpretation and cite two cases that have addressed the statute—*Marvel v. Cole Hill Public School District*, 276 Ark. 369, 635 S.W.2d 245 (1982), and *Stone v. Mayflower School District*, 319 Ark. 771, 894 S.W.2d 881 (1995). In *Marvel*, our supreme court found that a teacher cannot be denied the minimum salary as promulgated by statute even if the teacher contracts in writing for a lesser amount. The District relies on *Stone* and argues that it requires dismissal of Hall's claim. In *Stone*, our supreme court held that

> [o]ur law is clear that school districts must adopt a minimum salary schedule with annual increments for education and experience and that they must abide by that schedule. *Marvel*, 276 Ark. 369, 635 S.W.2d 245; [Ark. Code Ann.] section 6-17-1001. As an assurance that districts would actually pay teachers according to the

schedule, our legislature has required that the salary schedule must reflect the actual pay practices of the district in order for the district to receive state aid. Section 6-20-319(4)(B). However, our law is equally clear that the personnel policies of a school district are incorporated into a teacher's contract unless changed by mutual consent. Section 6-17-204; *Helena-West Helena Sch. Dist. # 2 v. Randall*, 32 Ark. App. 50, 796 S.W.2d 586 (1990). Appellee's personnel policies provided that a teacher could be excluded from the salary schedule for good reason. Appellee's "good reason" for giving appellant only five years experience for the counselor's position was because only two of her seventeen years of experience were in the counseling field. The trial court found appellant and appellee reached an agreement. Based on this record, we cannot say the trial court erred.

319 Ark. at 774, 894 S.W.2d at 882–83.

Hall responds to the District's reliance on *Stone* and maintains that it is no longer good law. Hall contends that when *Stone* was decided, the law did not mandate that teachers be given full credit for all past years of teaching experience and that in 2003, the legislature passed its first version of a salary-schedule law that required districts to give credit for all past years of teaching experience. Hall argues that in 2005, the legislature enacted the current version of the salary-schedule law mandating that teachers be given credit not only for all past years of teaching experience in Arkansas school districts, but also for all experience in private schools and institutions of higher education.

In the instant case, it is unclear as to whether the circuit court relied on *Marvel* or *Stone*, but it is apparent to this court that when the circuit court granted the District's motion for summary judgment, it also effectively found a fact in dispute. The circuit court ruled from the bench that it was granting the District's motion for summary judgment with its primary reason being that it did not "think the duties of the preschool teacher are the same as a full-time teacher." Moreover, in its order from which Hall appeals, the circuit court found that "years of teaching experience in a pre-K program do not count toward

performing the full-time duties of a teacher for a full school year with a valid Arkansas teaching license within the meaning of Arkansas Code Annotated section 6-17-2403(c)(3)(A)."

We do not reach the merits of the parties' arguments regarding statutory interpretation because we hold that the circuit court improperly granted the District's motion for summary judgment by finding a material fact that was in dispute. We recognize that in order to interpret the statutory language, the circuit court must make a factual finding as to whether pre-K teaching qualifies as the "full-time duties" as provided in Arkansas Code Annotated section 6-17-2403(c)(3)(A). However, this is a clear factual dispute; therefore, we hold that the circuit court's granting of the District's motion for summary judgment was in error. Accordingly, we reverse and remand.

Reversed and remanded.

KLAPPENBACH and VAUGHT, JJ., agree.

*Mitchell, Blackstock, Ivers & Sneddon, PLLC*, by: *Greg Alagood*, for appellant.

*Bequette & Billingsly, P.A.*, by: *George J. Bequette, Jr.*, and *W. Cody Kees*, for appellee.